UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Energizer Brands, LLC,<br><br>                                Plaintiff,<br><br>                    - against -<br><br>Duracell U.S. Operations, Inc.,<br><br>                                Defendant. | Case No. 19-cv-09061-JPO<br><br><br>**ANSWER AND<br>__COUNTERCLAIMS__** |
| Duracell U.S. Operations, Inc.,<br><br>                                Counterclaim Plaintiff,<br><br>                    - against -<br><br>Energizer Brands, LLC,<br><br>                                Counterclaim<br>                                Defendant. | **JURY TRIAL DEMANDED** |

Defendant Duracell U.S. Operations, Inc. ("Duracell"), by and through its undersigned counsel, answers the complaint (the "Complaint") of Plaintiff Energizer Brands, LLC ("Energizer") as follows:

**NATURE OF THE CASE**

1.      Denies the allegations in Paragraph 1.

2.      Denies the allegations in Paragraph 2, except refers the Court to Duracell's product packaging and television commercials for its Duracell Optimum batteries for their full context and contents.

3.      Denies the allegations in Paragraph 3, except refers the Court to Duracell's product packaging and television commercials for its Duracell Optimum batteries for their full context and contents.

4.     Denies the allegations in Paragraph 4, except admits that Energizer purports to bring the claims and to seek the relief mentioned therein.

## PARTIES

5.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 5.

6.     Admits the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7.     Admits the allegations in Paragraph 7.

8.     Denies the allegations in Paragraph 8, except admits that this Court has personal jurisdiction over Duracell and that Duracell transacts business in the State of New York.

9.     Admits the allegations in Paragraph 9.

## FACTS SUPPORTING THE REQUESTED RELIEF

10.     Admits the allegations in Paragraph 10.

11.     Denies the allegations in Paragraph 11, except admits that Duracell offers non-rechargeable AA and AAA batteries under the Duracell Coppertop brand name and the Duracell Optimum brand name, and that Duracell previously offered non-rechargeable AA and AAA batteries under the Duracell Quantum brand name.

12.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12, except admits that Energizer offers AA and AAA batteries under the brand names MAX and Ultimate Lithium.

13.     Denies that all of the forms of advertising began simultaneously with the launch of the Duracell Optimum brand, but otherwise admits the allegations in Paragraph 13.

14.      Denies the allegations in Paragraph 14, except refers the Court to Duracell's product packaging for its Duracell Optimum batteries for its full context and contents.

15.      Denies the allegations in Paragraph 15, except admits that in certain retail outlets Duracell Optimum batteries are sold nearby, or adjacent to, Duracell Coppertop batteries, and refers the Court to Duracell's product packaging for its Duracell Coppertop batteries for its full context and contents.

16.      Denies the allegations in Paragraph 16.

17.      Denies the allegations in Paragraph 17, except refers the Court to Duracell's product packaging for its Duracell Optimum batteries for its full context and contents.

18.      Denies the allegations in Paragraph 18, except refers the Court to Duracell's product packaging for its Duracell Optimum batteries for its full context and contents.

19.      Denies the allegations in Paragraph 19.

20.      Denies the allegations in Paragraph 20, except refers the Court to Duracell's product packaging for its Duracell Optimum batteries for its full context and contents.

21.      Denies the allegations in Paragraph 21, except admits that in certain retail outlets Duracell Optimum batteries are sold nearby, or adjacent to, Duracell Coppertop batteries, and refers the Court to Duracell's product packaging for its Duracell Coppertop batteries for its full context and contents.

22.      Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22.

23.      Denies the allegations in Paragraph 23.

24.      Denies the allegations in Paragraph 24.

25.      Denies the allegations in Paragraph 25.

26.     Denies the allegations in Paragraph 26, except admits that Duracell advertises its Duracell Optimum batteries on the internet, and refers the Court to Duracell's online advertising for its Duracell Optimum batteries for its full context and contents.

27.     Denies the allegations in Paragraph 27.

28.     Denies the allegations in Paragraph 28, except refers the Court to Duracell's online advertising for its Duracell Optimum batteries for its full context and contents.

29.     Denies the allegations in Paragraph 29, except refers the Court to Duracell's online advertising for its Duracell Optimum batteries for its full context and contents.

30.     Denies the allegations in Paragraph 30.

31.     Denies the allegations in Paragraph 31.

32.     Denies the allegations in Paragraph 32.

33.     Denies the allegations in Paragraph 33, except admits that Duracell advertises its Duracell Optimum batteries through video advertisements.

34.     Denies the allegations in Paragraph 34, except refers the Court to Duracell's video advertisements for its Duracell Optimum batteries for their full context and contents.

35.     Denies the allegations in Paragraph 35, except refers the Court to Duracell's video advertisements for its Duracell Optimum batteries for their full context and contents.

36.     Denies the allegations in Paragraph 36, except admits that Duracell's video advertisements for its Duracell Optimum batteries have been broadcast on television and made available on YouTube, and denies knowledge or information sufficient to form a belief as

to the number of YouTube views of Duracell's video advertisements as of the filing of this action.

37.     Denies the allegations in Paragraph 37.

38.     Denies the allegations in Paragraph 38, except refers the Court to Duracell's video advertisements for its Duracell Optimum batteries for their full context and contents.

39.     Denies the allegations in Paragraph 39, except refers the Court to Duracell's video advertisements for its Duracell Optimum batteries for their full context and contents.

40.     Denies the allegations in Paragraph 40, except refers the Court to Duracell's video advertisements for its Duracell Optimum batteries for their full context and contents.

41.     Denies the allegations in Paragraph 41.

42.     Denies the allegations in Paragraph 42.

43.     Denies the allegations in Paragraph 43.

44.     Admits the allegations in Paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 45, and refers the Court to the relevant page of the Wieden + Kennedy website for its full context and contents.

46.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, and refers the Court to the relevant webpage for its full context and contents.

47.     Denies the allegations in Paragraph 47, except admits that Duracell's advertising for its Duracell Optimum batteries is circulated in interstate commerce.

48.     Denies the allegations in Paragraph 48.

49.     Denies the allegations in Paragraph 49.

50.     Denies the allegations in Paragraph 50.

## FIRST CLAIM FOR RELIEF
## FALSE ADVERTISING UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(A))

51.     Repeats and realleges its responses to Paragraphs 1-50.

52.     Denies the allegations in Paragraph 52.

53.     Denies the allegations in Paragraph 53.

54.     Denies the allegations in Paragraph 54.

55.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 55.

56.     Denies the allegations in Paragraph 56.

57.     Denies the allegations in Paragraph 57.

58.     Denies the allegations in Paragraph 58.

59.     Denies the allegations in Paragraph 59.

60.     Denies the allegations in Paragraph 60.

61.     Denies the allegations in Paragraph 61.

## SECOND CLAIM FOR RELIEF
## FALSE ADVERTISING UNDER NEW YORK LAW
## (N.Y. GEN. BUS. LAW § 350)

62.     Repeats and realleges its responses to Paragraphs 1-61.

63.     Denies the allegations in Paragraph 63.

64.    Denies the allegations in Paragraph 64.

65.    Denies the allegations in Paragraph 65.

66.    Denies the allegations in Paragraph 66.

67.    Denies the allegations in Paragraph 67.

68.    Denies the allegations in Paragraph 68.

**THIRD CLAIM FOR RELIEF**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**
**UNDER NEW YORK LAW**
**(N.Y. GEN. BUS. LAW § 349)**

69.    Repeats and realleges its responses to Paragraphs 1-68.

70.    Denies the allegations in Paragraph 70.

71.    Denies the allegations in Paragraph 71.

72.    Denies the allegations in Paragraph 72.

73.    Denies the allegations in Paragraph 73, except admits that Duracell

advertises its Duracell Optimum batteries to consumers, including through television

advertisements, digital advertisements, and retail product packaging.

74.    Denies the allegations in Paragraph 74.

75.    Denies the allegations in Paragraph 75.

76.    Denies the allegations in Paragraph 76.

77.    Denies the allegations in Paragraph 77.

**<u>AFFIRMATIVE DEFENSES</u>**

As separate affirmative defenses, without assuming the burden of proof of any

such defense that would otherwise rest with Energizer, Duracell alleges as follows:

**<u>First Affirmative Defense</u>**

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Energizer's claims are barred, in whole or in part, because the advertising at issue is truthful and accurate and is not likely to mislead or deceive consumers.

### Third Affirmative Defense

Energizer's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

Energizer is not entitled to relief because Energizer has "unclean hands." Energizer has engaged in false and deceptive advertising practices as Duracell establishes in its Counterclaims, *infra*.

### Fifth Affirmative Defense

Energizer's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### Sixth Affirmative Defense

Energizer's claims are barred, in whole or in part, by its failure to mitigate its alleged damages.

### Seventh Affirmative Defense

Energizer's claims are barred, in whole or in part, to the extent that any alleged deceptive statements constitute non-actionable puffery.

### Eighth Affirmative Defense

Energizer's claims for equitable relief are barred to the extent there is an adequate remedy at law.

Duracell reserves the right to assert additional defenses and to supplement those asserted herein upon further analysis and discovery of information regarding Energizer's claims.

WHEREFORE, Duracell respectfully requests that this Court enter judgment on behalf of Duracell U.S. Operations, Inc. and against Energizer Brands, LLC on all counts and deny all relief requested by Energizer Brands, LLC.

## COUNTERCLAIMS

Counterclaim-Plaintiff Duracell U.S. Operations, Inc. ("Duracell"), for its counterclaims against Counterclaim-Defendant Energizer Brands, LLC ("Energizer"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.      As set forth in its Answer above, Duracell fully denies the false advertising claims alleged by Energizer.  To the contrary, as detailed below, it is in fact *Energizer* that has engaged in a brazen campaign of deception regarding the purported superior longevity (*i.e.*, battery life) of *its own* MAX batteries.  Accordingly, Duracell brings these counterclaims to redress Energizer's false and misleading advertising.

2.      Throughout the United States (and specifically in this District), Energizer is prominently advertising on the front of the packaging of its AA and AAA MAX batteries that the batteries are "OUR **#1** LONGEST LASTING MAX."   That claim is simply not true for a number of reasons:

a.      *First*, Energizer produces its AA and AAA MAX batteries for the U.S. market in numerous plants around the world.  Testing reveals that those various plants produce batteries with substantial differences in battery life.  In particular, and contrary to Energizer's advertising claims, the AA and AAA MAX batteries manufactured in certain plants (typically those outside the United States) do not last as long as the AA and AAA MAX batteries manufactured in other

plants (typically those inside the United States).  Nonetheless, Energizer claims

with respect to *all* of its AA and AAA MAX batteries—regardless of where they

were manufactured—that they are Energizer's "**#1** LONGEST LASTING

MAX."  But that claim is **<u>literally</u>** false on its face as used on the AA and AAA

MAX packs containing batteries manufactured, for example, outside of the United

States, which generally do not last nearly as long as U.S.-made AA and AAA

MAX batteries sold in the exact same packaging, and thus cannot, by definition,

be Energizer's "**#1** LONGEST LASTING MAX."

        b.    *Second*, Energizer's "OUR **#1** LONGEST LASTING MAX"

claim is also false and misleading because it implies that there is some other AA

or AAA MAX battery that does not last as long, when in fact no such other

comparator AA or AAA MAX battery exists.  In fact, Energizer only sells one

MAX-branded AA or AAA battery within the United States, and yet each and

every pack of AA and AAA MAX batteries bears the claim "OUR **#1**

LONGEST LASTING MAX."  It would be akin to a person claiming her (only)

left foot is her #1 left foot.  This is obviously a claim that can only be designed to

mislead consumers as it is utterly senseless to claim to be number 1 in a group of

1.  It is thus false and misleading for Energizer to claim that the MAX battery is

#1 only as compared against itself.

c.      *Third*, the "**#1** LONGEST LASTING" claim on Energizer's AA

and AAA MAX batteries is also false and misleading because consumers are

likely to understand Energizer's statement about AA and AAA MAX to be a

claim of superiority against all other batteries, including those manufactured by

Duracell, when in fact Energizer's AA and AAA MAX batteries have a shorter

life than many other batteries, including many of those manufactured by Duracell.

Energizer deliberately deceives consumers by styling its execution of the "**#1**

LONGEST LASTING" claim on Energizer's AA and AAA MAX batteries in

exactly the same font, size and layout as the "**#1** LONGEST LASTING

BATTERY" claim that Energizer uses to advertise its AA and AAA ULTIMATE

LITHIUM battery.  In addition, the color scheme of the "**#1** LONGEST

LASTING" claim on its current AA and AAA MAX packaging is nearly identical

to the color scheme of the "**#1** LONGEST LASTING" claim on Energizer's

pre-2019 AA and AAA ULTIMATE LITHIUM packaging.  (*See* Pre-2019 and

Current Packaging examples below.)  Those similarities, especially when

combined with the fact that AA and AAA MAX and ULTIMATE LITHIUM

batteries are often sold side-by-side, deliberately mislead consumers into

believing that the MAX batteries are the longest lasting batteries in the

marketplace, when in fact the life of AA and AAA MAX batteries is far shorter than that of numerous other batteries (including Duracell batteries and other batteries manufactured by Energizer).

        d.    *Fourth*, to the extent that consumers understand the claim "OUR **#1** LONGEST LASTING MAX" to be a comparison against the predecessor version of Energizer's AA or AAA MAX battery, that claim also is false and misleading and cannot in any case be used to refer back to a prior version of a product that was last sold by Energizer to U.S. retail customers more than two years prior. Furthermore, on information and belief, not all of Energizer's current AA and AAA MAX batteries are as long lasting as the predecessor version of Energizer AA and AAA MAX batteries. As such, even those consumers who understand the "OUR **#1** LONGEST LASTING MAX" claim to be a comparison against the predecessor AA and AAA MAX batteries last sold into the US retail market years ago are necessarily misled.

        e.    *Finally*, Energizer's "OUR **#1** LONGEST LASTING MAX" claim also is false and misleading to the extent consumers perceive MAX not as a brand name, but instead as a descriptor denoting "maximum" battery life, because Energizer's AA or AAA MAX battery is, in fact, not Energizer's longest lasting battery.

- 12 -

3.      As a consequence of this nationwide course of deception, Energizer has induced unsuspecting consumers to purchase its MAX batteries—and diverted sales from Duracell—by falsely advertising and creating the false impression that MAX batteries are longer lasting, when in truth and fact they are not.

4.      By this action, Duracell seeks injunctive relief, corrective advertising, and damages occasioned by Energizer's false and misleading advertising, which unjustly benefits Energizer to the detriment of Duracell and consumers.

## PARTIES

5.      Counterclaim-Plaintiff Duracell is a Delaware corporation with its North American headquarters in Bethel, CT.  Duracell is in the business of developing, marketing and selling batteries and related products in the United States and worldwide.

6.      Counterclaim-Defendant Energizer is a Delaware limited liability company with its headquarters in St. Louis, MO.  Energizer is in the business of developing, marketing and selling batteries and related products in the United States and worldwide.

## JURISDICTION AND VENUE

7.      This action for false advertising arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), the common law of the state of New York, and the unfair competition or deceptive trade practices statutes of various states as detailed herein.

8.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

- 13 -

9.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action have occurred and/or will occur within this District.

**BACKGROUND FACTS**

10.     Duracell and Energizer have been direct competitors at the top of the global household primary (disposable) battery market for more than forty years.  Duracell, which has been the number one domestic brand of U.S. alkaline household batteries for many years, currently has a U.S. market share of approximately 35%.  Energizer, Duracell's closest competitive brand, currently has a U.S. market share of approximately 23%.

11.     Batteries may come in various sizes that are often set by industry standards, such as AA, AAA, C, D, 2032, 2025, 2016, and numerous other sizes.  Within the U.S. household battery segment, AA and AAA batteries are the best-selling battery sizes and account for the overwhelming majority of annual sales of U.S. household batteries.

12.     The two principal types of non-rechargeable batteries in the U.S. household battery segment are alkaline batteries and lithium batteries.  Alkaline and lithium batteries are available in AA and AAA sizes and would thus be used interchangeably within the same device, *e.g.*, AA or AAA operated toy, flashlight, groomer, camera, TV remote control, etc.  Thus, for example, a AA lithium battery is interchangeable with a AA alkaline battery and both could be used within a AA operated device.

13.     Duracell's best-selling AA and AAA alkaline batteries within the United States are marketed and sold under the Duracell Coppertop subnomen.  Duracell also markets and sells a premium battery under the Duracell Optimum subnomen.

14.     Energizer manufactures and sells AA and AAA alkaline batteries under the MAX subnomen.  MAX is the only AA and AAA alkaline battery that is marketed and sold

by Energizer within the United States.  As depicted below, Energizer advertises that its MAX

batteries are "OUR **#1** LONGEST LASTING MAX":



Pre-2019 Packaging                   Current Packaging

15.     Energizer also manufactures and sells AA and AAA lithium batteries

under the ULTIMATE LITHIUM subnomen.  As depicted below, Energizer advertises that its

ULTIMATE LITHIUM battery is the "**#1** LONGEST LASTING BATTERY":




|                  |                    |
| ---------------- | ------------------ |
| Pre-2019 Packaging | Current Packaging |

**ENERGIZER'S FALSE AND MISLEADING ADVERTISING**

16.     Energizer's claim that its MAX batteries are "OUR **#1** LONGEST

LASTING MAX" is literally false.

17.     Energizer's MAX batteries offered for sale in the U.S. are manufactured in

various plants around the world, including plants in the United States, Singapore, Thailand and

Poland.  In fact, more than half of the MAX batteries offered for sale in the United States are

manufactured in plants that are located outside the United States.

18.     The life of AA and AAA MAX batteries is fully dependent on where any

particular AA and AAA MAX battery is manufactured, as evidenced by comparing testing

results of AA and AAA MAX batteries from the various manufacturing locations around the

globe.  Indeed, across the vast majority of ANSI battery discharge testing standards, the AA and

AAA MAX batteries manufactured outside of the United States have a significantly shorter life than those AA and AAA MAX batteries that are manufactured inside the United States.

19.     Nonetheless, on each and every pack of AA and AAA MAX batteries, regardless of where those batteries are manufactured, Energizer claims that the batteries within the packaging are "OUR **#1** LONGEST LASTING MAX"  That claim is literally false because the AA and AAA MAX batteries manufactured in Energizer's foreign plants (which make up more than 50% of the AA and AAA MAX batteries sold in the United States) generally have a shorter life under most ANSI battery discharge testing standards than batteries manufactured inside the United States.

20.     By claiming otherwise, Energizer is deceiving consumers into believing that whenever the consumer buys a package of AA and AAA MAX batteries the consumer is getting Energizer's longest lasting AA and AAA MAX battery, when in many instances the consumer is not.

21.     Energizer's claim that its AA and AAA MAX batteries are the "**#1** LONGEST LASTING MAX" also is false and misleading because it suggests a comparison that does not exist.

22.     Energizer is the only manufacturer of AA and AAA MAX batteries, and it only sells a single line of AA and AAA MAX batteries.  Thus, Energizer is claiming that its AA and AAA MAX battery is "#1" in a universe of one.

23.     By telling consumers that they are purchasing Energizer's "**#1**

LONGEST LASTING MAX," Energizer is deceiving consumers into believing that there is at

least one other AA and AAA MAX battery that is not as long lasting, when in fact no such

comparator MAX battery exists.

24.     Energizer's claim of superiority as to its "**#1** LONGEST LASTING

MAX" is therefore inherently misleading and deceptive.

25.     Energizer has increased and exacerbated this consumer confusion and

deception by stylizing its "**#1** LONGEST LASTING MAX" claim to look nearly identical to

the "**#1** LONGEST LASTING BATTERY" claim that Energizer uses to advertise its

ULTIMATE LITHIUM battery.

26.     Indeed, Energizer's "**#1** LONGEST LASTING MAX" claim is styled in

exactly the same font, size and layout as the "**#1** LONGEST LASTING BATTERY" claim

that Energizer uses to advertise its ULTIMATE LITHIUM battery, as depicted below:



27.    Also, the color scheme of the "**#1** LONGEST LASTING" claim on its

current AA and AAA MAX packaging is extremely similar to the color scheme of the "**#1**

LONGEST LASTING" claim on Energizer's pre-2019 AA and AAA ULTIMATE LITHIUM

packaging, as shown above.  The selection of the color scheme on the current AA and AAA

MAX packaging, which closely resembles the color scheme of pre-2019 AA and AAA

ULTIMATE LITHIUM packaging, cannot be merely coincidental and is plainly intended to

mislead consumers into believing that Energizer's AA and AAA MAX is the longest lasting

battery in the marketplace, when it is not.

28.    The resulting deception and consumer confusion is heightened by the fact

that AA and AAA MAX and ULTIMATE LITHIUM batteries are often sold side-by-side, as

depicted below:



29.     And in some instances, such as that pictured below, Energizer sells its

MAX batteries in display cases that include the claim "OUR **#1** LONGEST LASTING

BATTERY," even though the display case features only MAX, and not ULTIMATE LITHIUM,

batteries.  In these instances, Energizer's claim is not just inherently misleading, but literally

false.



30.     Energizer employs these deliberately misleading tactics to deceive consumers into believing that its AA and AAA MAX batteries last longer than all other batteries in the marketplace (including those manufactured by Duracell and other batteries manufactured by Energizer), when in fact the life of AA and AAA MAX batteries is, in many instances, shorter than that of other batteries in the marketplace (including batteries made by Duracell and other batteries manufactured by Energizer).  Thus, Energizer's "#1" claim with respect to its AA and AAA MAX batteries is false and misleading.

31.     Furthermore, to the extent that some consumers might understand the claim "OUR **#1** LONGEST LASTING MAX" to be a comparison against prior versions of Energizer's AA and AAA MAX battery, that claim is literally false because, upon information and belief, not all of Energizer's current AA and AAA MAX batteries last as long as the prior version of Energizer AA and AAA MAX batteries.  Thus, even those consumers who understand the "OUR **#1** LONGEST LASTING MAX" claim to be a comparison against the prior AA and AAA MAX batteries are necessarily misled.  In any event, given that the prior version of MAX was last sold by Energizer to U.S. retail customers more than two years ago, there is no reason to believe that consumers will associate the claim "OUR **#1** LONGEST LASTING MAX" with the prior version of Energizer's MAX batteries.

32.     Finally, to the extent that consumers perceive MAX to be a descriptive term signifying "maximum" or "max" battery life, rather than a brand name or subnomen, Energizer's "**#1** LONGEST LASTING MAX" claim also is false and misleading because the MAX battery is, in fact, not Energizer's longest lasting battery.

**INJURY TO DURACELL**

33.     Energizer's false and misleading advertising has influenced and will continue to influence consumers in an intensely competitive marketplace to purchase Energizer's battery products instead of Duracell's battery products.

34.     Energizer's false and misleading claims regarding the superior life of its AA and AAA MAX battery products are damaging and, unless enjoined, will continue to

damage Duracell's ability to compete fairly for market share and customer loyalty on the basis of an exchange of truthful and relevant consumer information.

35.     Duracell has suffered and will continue to suffer irreparable harm, including tarnishing of its brand and loss of goodwill, and is without an adequate remedy at law for Energizer's knowingly wrongful conduct.

## FIRST CLAIM FOR RELIEF
### (False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a))

36.     Duracell repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

37.     Energizer, on or in connection with goods it distributes in interstate commerce, has made and is continuing to make false and misleading statements concerning the longevity of its AA and AAA MAX battery products.  These statements constitute false descriptions of fact or false representations of fact as to the nature, characteristics and qualities of its AA and AAA MAX battery products.

38.     Energizer's false descriptions of fact or false representations of fact were made in commercial advertising or promotion and in a manner material to the public's decision to purchase such products.

39.     The foregoing acts of Energizer constitute false descriptions or representations of fact in commercial advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     As a result of Energizer's willful conduct, Duracell has suffered irreparable harm, for which it has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Energizer's dissemination of the advertising campaign is enjoined by this Court, pursuant to 15 U.S.C. § 1116.

41.     In addition, Energizer will unjustly reap profits from sales based on consumer reliance on the advertising campaign's false and deceptive statements of fact.

42.     Pursuant to 15 U.S.C. § 1117, Duracell is entitled to actual damages in an amount to be determined at trial, to have such damages trebled, to Energizer's profits, to the costs of this action, and to attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Deceptive Trade Practices and False Advertising
### Under the New York General Business Law)

43.     Duracell repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

44.     Energizer's willful and knowing false advertising and deceptive trade practices were directed toward consumers with the aim of influencing consumers to make purchasing and product decisions based on the false advertising and deceptive trade practices.

45.     By making claims regarding the life of its AA and AAA MAX batteries in a willfully and knowingly false and deceptive manner, Energizer made false claims that were material to the consuming public's purchasing and product decisions.

46.     Energizer's willful and knowing broadcast and dissemination of the false advertising has caused and will cause harm to Duracell and to the consuming public by deceiving them as to the performance and effectiveness of Energizer's and Duracell's batteries.

47.     The foregoing acts of Energizer constitute deceptive trade practices and false advertising in violation of §§ 349 and 350 of the New York General Business Law.

48.     Duracell has suffered and will continue to suffer injury as a result of Energizer's false advertising and deceptive trade practices in the form of lost customers and lost sales, damage to its reputation and brand, and erosion of its goodwill.

### THIRD CLAIM FOR RELIEF
**(Violations of the Trade Practice Statutes of Other States)**

49.     Duracell repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

50.     Energizer has engaged in misleading, unfair or deceptive acts or practices in the conduct of trade or commerce throughout the United States.  These wrongful acts have caused Duracell to suffer ascertainable loss of money or property in violation of the trade practice statutes of other states.

51.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of ALA. CODE § 8.19-1 *et seq*.

52.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of ALASKA STAT. CODE § 45.50.470 *et seq*.

53.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of CAL.BUS. & PROF CODE § 17200, *et. seq*. & § 17500, *et seq*.

54.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of COLO. REV. STAT. § 6-1-101 *et seq*.

55.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of CONN. GEN. STAT. § 42-110a *et seq*.

56.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of DEL. CODE ANN. tit. 6, § 2511, *et seq*.

57.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of GA. CODE ANN. §10-1-392 *et seq*.

58.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of IDAHO CODE § 48-601 *et seq*.

59.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of IL. §815 ILCS 510/1 *et seq*.

60.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of IOWA CODE § 714.16, *et seq.*

61.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of LA. REV. STAT. § 51:1401 *et seq*.

62.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of ME. REV. STAT. tit. 5, § 205-A, *et seq*.

63.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of MASS. GEN LAWS ch. 93A, §1, *et seq*.

64.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of MINN. STAT. § 8.31, *et seq*.

65.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of NEB. REV. STAT. § 59-1601, *et seq*.

66.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of N.H. REV. STAT. ANN. § 358-A:1, *et seq*.

67.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of N.J.S.A. 56:8-1, *et seq*.

68.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of N.M. STAT. ANN. § 57-12-1, *et seq*.

69.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of N.D. CENT. CODE § 51-15-01, *et seq*.

70.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of S.C. CODE § 39-5-10, *et seq*.

71.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of S.D. CODIFIED LAWS § 37-24-1, *et seq*.

72.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of TENN. CODE ANN. § 47-18-101, *et seq*.

73.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of VA. CODE ANN. § 59.1-196, *et seq*.

74.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of WASH. REV. CODE § 19.86.010, *et seq*.

75.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of W. VA. CODE § 46A-6-101 *et seq*.

### FOURTH CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

76.     Duracell repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

77.     Energizer has engaged in unfair competition by making false and deceptive statements about the life of its AA and AAA MAX battery products, thereby damaging Duracell's ability to compete fairly for market share and customer loyalty on the basis of an exchange of truthful and relevant consumer information.

78.     Energizer acted willfully and in bad faith in making claims about the life of its AA and AAA MAX battery products that it knew to be materially false and deceptive.

79.     The foregoing acts of Energizer constitute false advertising and unfair competition against Duracell in violation of the common law of the State of New York.

WHEREFORE, Duracell demands judgment against Energizer for the following relief:

1.      A judgment declaring that Energizer has:

(a)      violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(b)      engaged in deceptive trade practices and false advertising in violation of §§ 349 and 350 of the New York General Business Law;

(c)      engaged in deceptive trade practices and false advertising in violation of the trade practice statutes of other states, as set forth above; and

(d)      engaged in unfair competition in violation of the common law of the State of New York;

2.      Preliminary and permanent injunctions enjoining Energizer, its agents, servants, officers, employees, and all those acting under its control or on its behalf from broadcasting, publishing or disseminating, in any form or in any version or in any medium, including but not limited to packaging, television, cable television, print, the Internet or the World Wide Web, any claim that Energizer's AA and AAA MAX batteries are "OUR #1 LONGEST LASTING MAX," or any similar claim regarding the superior life of Energizer's AA and AAA MAX batteries;

3.      A mandatory injunction directing Energizer, its agents, servants, officers, employees and all those acting under its control or on its behalf, to issue corrective advertising to dispel the impact and effect of the false and deceptive claims regarding the life of Energizer's AA and AAA MAX batteries;

4.      An Order directing Energizer to account to Duracell for all gains, profits, savings, and advantages obtained by it as a result of its false advertising and unfair competition, and awarding to Duracell restitution in the amount of all such gains, profits, savings, and advantages;

5.      An Order awarding to Duracell actual damages resulting from Energizer's unlawful conduct, in an amount to be determined at trial and trebled pursuant to 15 U.S.C. § 1117;

6.      An Order awarding to Duracell Energizer's profits attributable to its unlawful conduct, in an amount to be determined at trial and increased in the Court's discretion pursuant to 15 U.S.C. § 1117;

7.      A declaration that this is an "exceptional case" due to the willful nature of Energizer's false advertising, and awarding attorney's fees, costs, and expenses to Duracell pursuant to 15 U.S.C. § 1117;

8.      An Order requiring Energizer to pay Duracell's costs, expenses, and reasonable attorneys' fees pursuant to §§ 349 and 350 of the New York General Business Law;

9.      An Order awarding Duracell punitive damages in an amount sufficient to deter other and future similar conduct by Energizer and others, in view of Energizer's wanton and deliberate unlawful acts; and

10.     An Order granting Duracell such other and further relief as the Court deems just and proper.

Dated: New York, New York
          April 20, 2020

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

_____/s/ Andrew Gordon_____

Andrew Gordon
Darren W. Johnson
Aaron Delaney
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: 212-373-3000
Fax: 212-757-3990
agordon@paulweiss.com

*Counsel for Duracell U.S. Operations, Inc.*