William H. Brewster (WB 2245)
R. Charles Henn Jr. (RH 3049)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: bbrewster@kilpatricktownsend.com
　　　　chenn@kilpatricktownsend.com

Bryan Wolin (BW 8339)
**KILPATRICK TOWNSEND & STOCKTON LLP**
The Grace Building
1114 Avenue of the Americas, Fl. 21
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: bwolin@kilpatricktownsend.com

*Attorneys for Plaintiff and Counterclaim Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENERGIZER BRANDS, LLC,<br><br>　　　Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>DURACELL U.S. OPERATIONS, INC.,<br><br>　　　Defendant and Counterclaim Plaintiff. | CASE NO. 1:19-cv-09061-JPO-KHP<br><br>**ANSWER TO COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendant Energizer Brands, LLC ("Energizer") responds to the individually numbered paragraphs of the Counterclaims (the "Counterclaims") filed by Defendant and Counterclaim Plaintiff Duracell U.S. Operations, Inc. ("Duracell") on April 20, 2020 (ECF No. 15) as follows:

**NATURE OF THE ACTION**

　　1.　　Energizer denies the allegations in Paragraph 1.

2. Energizer refers the Court to the referenced product packaging for its full context and contents, and denies the remaining allegations in Paragraph 2.

    a. Energizer refers the Court to the referenced product packaging for its full context and contents, and denies the remaining allegations in Paragraph 2(a).

    b. Energizer refers the Court to the referenced product packaging for its full context and contents, avers that it presently sells one MAX branded AA battery and one MAX branded AAA battery in the United States, further avers that it has previously sold other iterations of its MAX branded AA and AAA batteries in the United States, and denies the remaining allegations in Paragraph 2(b).

    c. Energizer refers the Court to the referenced product packaging for its full context and contents, and denies the remaining allegations in Paragraph 2(c).

    d. Energizer denies the allegations in Paragraph 2(d).

    e. Energizer denies the allegations in Paragraph 2(e).

3. Energizer denies the allegations in Paragraph 3.

4. Energizer admits that Duracell purports to bring the claims and to seek the relief described therein, and denies the remaining allegations in Paragraph 4.

## PARTIES

5. Energizer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies them.

6. Energizer admits the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Energizer refers the Court to the referenced pleading for its full context and contents, and denies the remaining allegations in Paragraph 7.

8. Energizer admits the allegations in Paragraph 8.

9. Energizer admits the allegations in Paragraph 9.

## BACKGROUND FACTS

10. Energizer admits that Duracell and Energizer have been direct competitors at the top of the global household primary (disposable) battery market for more than forty years. Energizer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies them.

11. Energizer admits the allegations in Paragraph 11.

12. Energizer admits that alkaline and lithium batteries comprise the largest share of non-rechargeable household battery sales in the United States, and denies the remaining allegations in Paragraph 12.

13. Energizer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies them.

14. Energizer refers the Court to the referenced marketing and packaging materials for their full context and contents, admits that it sells Energizer MAX batteries in the United States, and denies the remaining allegations in Paragraph 14.

15. Energizer refers the Court to the referenced marketing and packaging materials for their full context and contents, admits that it sells Energizer Ultimate Lithium batteries, and denies the remaining allegations in Paragraph 15.

## ENERGIZER'S ADVERTISING

16. Energizer denies the allegations in Paragraph 16.

17. Energizer admits that it manufactures Energizer MAX batteries in the United States, Singapore, Thailand, Poland, and elsewhere that are then sold in the United States, avers that the majority of Energizer MAX batteries sold in the United States are manufactured in the United States, and denies the remaining allegations in Paragraph 17.

18. Energizer denies the allegations in Paragraph 18.

19. Energizer refers the Court to the referenced marketing and packaging materials for their full context and contents, and denies the remaining allegations in Paragraph 19.

20. Energizer denies the allegations in Paragraph 20.

21. Energizer denies the allegations in Paragraph 21.

22. Energizer admits that it is the only manufacturer of Energizer MAX batteries, and denies the remaining allegations in Paragraph 22.

23. Energizer denies the allegations in Paragraph 23.

24. Energizer denies the allegations in Paragraph 24.

25. Energizer denies the allegations in Paragraph 25.

26. Energizer refers the Court to the referenced packaging materials for their full context and contents, and denies the remaining allegations in Paragraph 26.

27. Energizer refers the Court to the referenced packaging materials for their full context and contents, and denies the remaining allegations in Paragraph 27.

28. Energizer denies the allegations in Paragraph 28.

29. Energizer refers the Court to the referenced marketing materials for their full context and contents, and denies the remaining allegations in Paragraph 29.

30. Energizer denies the allegations in Paragraph 30.

31. Energizer denies the allegations in Paragraph 31.

32. Energizer denies the allegations in Paragraph 32.

## INJURY TO DURACELL

33. Energizer denies the allegations in Paragraph 33.

34. Energizer denies the allegations in Paragraph 34.

35. Energizer denies the allegations in Paragraph 35.

## FIRST CLAIM FOR RELIEF

36. Energizer incorporates its responses to all preceding paragraphs as if fully restated herein.

37. Energizer denies the allegations in Paragraph 37.

38. Energizer denies the allegations in Paragraph 38.

39. Energizer denies the allegations in Paragraph 39.

40. Energizer denies the allegations in Paragraph 40.

41. Energizer denies the allegations in Paragraph 41.

42. Energizer denies the allegations in Paragraph 42.

## SECOND CLAIM FOR RELIEF

43. Energizer incorporates its responses to all preceding paragraphs as if fully restated herein.

44. Energizer denies the allegations in Paragraph 44.

45. Energizer denies the allegations in Paragraph 45.

46. Energizer denies the allegations in Paragraph 46.

47. Energizer denies the allegations in Paragraph 47.

48. Energizer denies the allegations in Paragraph 48.

### THIRD CLAIM FOR RELIEF

49. Energizer incorporates its responses to all preceding paragraphs as if fully restated herein.

50. Energizer denies the allegations in Paragraph 50.

51. Energizer denies the allegations in Paragraph 51.

52. Energizer denies the allegations in Paragraph 52.

53. Energizer denies the allegations in Paragraph 53.

54. Energizer denies the allegations in Paragraph 54.

55. Energizer denies the allegations in Paragraph 55.

56. Energizer denies the allegations in Paragraph 56.

57. Energizer denies the allegations in Paragraph 57.

58. Energizer denies the allegations in Paragraph 58.

59. Energizer denies the allegations in Paragraph 59.

60. Energizer denies the allegations in Paragraph 60.

61. Energizer denies the allegations in Paragraph 61.

62. Energizer denies the allegations in Paragraph 62.

63. Energizer denies the allegations in Paragraph 63.

64. Energizer denies the allegations in Paragraph 64.

65. Energizer denies the allegations in Paragraph 65.

66. Energizer denies the allegations in Paragraph 66.

67. Energizer denies the allegations in Paragraph 67.

68. Energizer denies the allegations in Paragraph 68.

69. Energizer denies the allegations in Paragraph 69.

70. Energizer denies the allegations in Paragraph 70.

71. Energizer denies the allegations in Paragraph 71.

72. Energizer denies the allegations in Paragraph 72.

73. Energizer denies the allegations in Paragraph 73.

74. Energizer denies the allegations in Paragraph 74.

75. Energizer denies the allegations in Paragraph 75.

### FOURTH CLAIM FOR RELIEF

76. Energizer incorporates its responses to all preceding paragraphs as if fully restated herein.

77. Energizer denies the allegations in Paragraph 77.

78. Energizer denies the allegations in Paragraph 78.

79. Energizer denies the allegations in Paragraph 79.

### AFFIRMATIVE DEFENSES

As separate affirmative defenses, without assuming the burden of proof of any such defense that would otherwise rest with Duracell, Energizer alleges as follows:

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Duracell's claims are barred, in whole or in part, because the advertising at issue is truthful and accurate and is not likely to mislead to deceive consumers.

### Third Affirmative Defense

Duracell's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

One or more of the state-law claims asserted by Duracell is barred by the applicable statute of limitations.

### Fifth Affirmative Defense

Duracell is not entitled to relief because Duracell has "unclean hands." Duracell has engaged in false and deceptive advertising practices equivalent to those asserted in its Counterclaim, as Energizer establishes in its Complaint filed September 30, 2019 (ECF No. 1).

### Sixth Affirmative Defense

Duracell's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### Seventh Affirmative Defense

Duracell's claims are barred, in whole or in part, by its failure to mitigate its alleged damages.

### Eighth Affirmative Defense

Duracell's claims are barred, in whole or in part, to the extent that any alleged deceptive statements constitute non-actionable puffery.

### Ninth Affirmative Defense

Duracell's claims are barred, in whole or in part, to the extent there is an adequate remedy at law.

Energizer reserves the right to supplement or amend this Answer, including but not limited to the addition of further affirmative defenses, based upon further investigation and discovery in this action.

Energizer denies all allegations in the Counterclaim not expressly admitted herein.

**PRAYER FOR RELIEF**

WHEREFORE, Energizer respectfully requests that this Court enter judgment in its favor:

1) Dismissing all claims asserted against Energizer in the Counterclaims with prejudice;

2) Requiring Duracell to pay the costs of this action and, to the extent authorized by law, to reimburse Energizer for its attorneys' fees and expenses of litigation; and

3) Granting Energizer such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 11, 2020

Respectfully Submitted,

By: */s/ William H. Brewster*
William H. Brewster (WB 2245)
R. Charles Henn Jr. (RH 3049)
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: bbrewster@kilpatricktownsend.com
chenn@kilpatricktownsend.com

Bryan Wolin (BW 8339)
The Grace Building
1114 Avenue of the Americas, Fl. 21
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: bwolin@kilpatricktownsend.com

*Attorneys for Plaintiff and Counterclaim Defendant Energizer Brands, LLC*