UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Energizer Brands, LLC,<br><br>                              Plaintiff,<br><br>          - against -<br><br>Duracell U.S. Operations, Inc.,<br><br>                              Defendant. | Case No. 19-cv-09061-JPO<br><br>**ORAL ARGUMENT REQUESTED** |
| Duracell U.S. Operations, Inc.,<br><br>                              Counterclaim Plaintiff,<br><br>          - against -<br><br>Energizer Brands, LLC,<br><br>                              Counterclaim Defendant. | |

**DURACELL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING ENERGIZER'S COMPLAINT**

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendant and Counterclaim-Plaintiff Duracell U.S. Operations, Inc.*

Dated: July 27, 2020

**TABLE OF CONTENTS**

Page

Table of Authorities ..................................................................................................... ii

Preliminary Statement ................................................................................................. 1

Statement of Facts ....................................................................................................... 2

    A.    Procedural History ..................................................................................... 2

    B.    Energizer's Allegations .............................................................................. 3

Argument ..................................................................................................................... 6

    A.    Legal Standard ........................................................................................... 6

    B.    Energizer Does Not State a Valid Lanham Act Claim ............................... 7

        1.    Puffery Is a Question of Law ......................................................... 8

        2.    The Advertising, as Alleged by Energizer, Is Nonactionable Puffery ........ 9

    C.    Energizer's N.Y. Gen. Bus. Law §§ 349 and 350 Claims Also Fail .............. 13

Conclusion ................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft* v. *Iqbal*,
    556 U.S. 662 (2009)......................................................................................................7

*ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007) ........................................................................................7

*Avola* v. *Louisiana-Pacific Corp.*,
    991 F. Supp. 2d 381 (E.D.N.Y. 2013) ......................................................................9

*Bell Atlantic Corp.* v. *Twombly*,
    550 U.S. 544 (2007)....................................................................................................7

*Cablevision Sys. Corp.* v. *Verizon New York Inc.*,
    119 F. Supp. 3d 39 (E.D.N.Y. 2015) ...............................................................10, 11

*Chen* v. *Dunkin' Brands, Inc.*,
    954 F.3d 492 (2d Cir. 2020) ....................................................................................13

*Chubb INA Holdings, Inc.* v. *Hole In Won LLC*,
    19-CV-2514 (JPO), 2020 WL 774130 (S.D.N.Y. Feb. 18, 2020) ..............................4

*Davis* v. *Avvo, Inc.*,
    345 F. Supp. 3d 534 (S.D.N.Y. 2018) ......................................................................8

*Drone Racing League, Inc.* v. *DR1, LLC*,
    18cv4093, 2018 WL 6173714 (S.D.N.Y. Nov. 26, 2018).........................................13

*Duran* v. *Henkel of Am., Inc.*,
    --- F. Supp. 3d ---, 2020 WL 1503456 (S.D.N.Y. Mar. 30, 2020) ....................8, 9, 14

*Fink* v. *Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013) ....................................................................................13

*Fink* v. *Time Warner Cable*,
    810 F. Supp. 2d 633 (S.D.N.Y. 2011) ....................................................................10

*Geffner* v. *Coca-Cola Co.*,
    928 F.3d 198 (2d Cir. 2019) ......................................................................................8

*Goldemberg* v. *Johnson & Johnson Consumer Cos., Inc.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ........................................................................14

*Hubbard* v. *General Motors Corp.*,
  No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996).................................11

*L-7 Designs, Inc.* v. *Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011) ..........................................................................7

*Lugones* v. *Pete & Gerry's Organic, LLC*,
  440 F. Supp. 3d 226, 2020 WL 871521 (S.D.N.Y. Feb. 21, 2020) ........................8, 14

*Mantikas* v. *Kellogg Co.*,
  910 F.3d 633 (2d Cir. 2018) .........................................................................13

*Oestreicher* v. *Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008).............................................................10

*Patel* v. *Contemporary Classics of Beverly Hills*,
  259 F.3d 123 (2d Cir. 2001) ..........................................................................7

*Punian* v. *Gillette Co.*,
  No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15,
  2016).....................................................................................................10

*Stewart* v. *Ocean State Jobbers, Inc.*,
  No. 3:17-CV-1266 (JCH), 2018 WL 379011 (D. Conn. Jan. 10, 2018)............9, 11, 13

*Stutman* v. *Chem. Bank*,
  731 N.E.2d 608 (N.Y. 2000)..........................................................................13

*Time Warner Cable, Inc.* v. *DIRECTV, Inc.*,
  497 F.3d 144 (2d Cir. 2007) ..........................................................................9

*Yang* v. *An Ju Home, Inc.*,
  19-CV-5616 (JPO), 2020 WL 3510683 (S.D.N.Y. June 29, 2020).............................7

**STATUTES**

Lanham Act, 15 U.S.C. § 1125(a) ......................................................................6

N.Y. Gen. Bus. Law § 349............................................................................6, 8, 13

N.Y. Gen. Bus. Law § 350............................................................................6, 13

N.Y. Gen. Bus. Law § 350-a ..........................................................................13

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ...............................................................................7

Fed. R. Civ. P. 12(c) ...........................................................................passim

Duracell U.S. Operations, Inc. ("Duracell" or "Defendant") respectfully submits this memorandum of law in support of its motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as to all claims asserted by Energizer Brands, LLC ("Energizer" or "Plaintiff") within its Complaint.

## PRELIMINARY STATEMENT

This lawsuit is the latest in a long history of market disputes between the two top-selling brands of household batteries in the United States.  This particular iteration is Energizer's response to Duracell's efforts to reimagine the household battery market by introducing a premium, high-performing alkaline battery—Duracell Optimum.  With no premium alkaline battery of its own to compete with Duracell Optimum, Energizer has instead sought the intervention of this Court to protect Energizer's market share, based on legally meritless claims of false advertising.

In the Complaint, Energizer incorrectly alleges that Duracell has intentionally misled the public into believing that Duracell Optimum batteries provide more power and longer life than all other AA or AAA batteries in all devices.  Energizer bases these allegations on two promotional statements related to Duracell Optimum: (1) the phrase "EXTRA LIFE* | EXTRA POWER*" shown on product packaging, web advertisements and video advertisements, and (2) a voice-over statement that "both is better than not both" in video advertisements.

Energizer alleges, without support, that consumers understand these statements to mean that Duracell Optimum provides *both* extra life *and* extra power as compared to *all* other AA and AAA batteries in *all* devices.  But that statement appears nowhere in any of the advertisements challenged by Energizer.  What *does* appear on each of the advertisements is an explanatory disclaimer that makes clear that Duracell Optimum "*Delivers extra life *or* extra

power, vs. *Coppertop* AA [or AAA] in a *wide range* of devices." (emphasis added).  Energizer does not dispute the factual accuracy of that claim.

Undeterred by what it effectively concedes is a factually accurate advertising claim, Energizer alleges instead (again without any support) that consumers simply do not read the explanatory disclaimer, or in the case of the video advertisements, do not read the explanatory disclaimer *and* do not hear a prominent voice-over explicitly explaining the claim.  Assuming that Energizer's allegations are true, as we must, the Complaint should still be dismissed because in the absence of the explanatory disclaimer, the plain vanilla phrases "Extra Life | Extra Power" and "both is better than not both" constitute nonactionable puffery—*i.e.*, they are subjective statements expressed in broad, vague and commendatory language that cannot be proven either true or false, and no reasonable consumer would understand these statements as concrete factual representations upon which he or she could rely.  Indeed, numerous courts in this Circuit and elsewhere have recognized substantially similar advertising claims as nonactionable puffery.  This Court should hold likewise.

Accordingly, Energizer's claims for false advertising under the Lanham Act and New York law fail at the threshold as a matter of law, and its Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

### A.  <u>Procedural History</u>

Energizer filed the Complaint in this action ("Compl.") on September 30, 2019, alleging that Duracell is liable for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and Sections 349 and 350 of the New York General Business Law ("GBL").  Duracell answered the Complaint on April 20, 2020, asserting Counterclaims against Energizer for false advertising

under the Lanham Act and various state consumer protection statutes, including the GBL. Energizer answered the Counterclaims on May 11, 2020.

### B.   Energizer's Allegations

For decades, Duracell has been a market leader in the household battery market. Energizer, Duracell's top competitor, has brought this action challenging advertising for Duracell's premium AA and AAA household batteries, which are the best-selling battery sizes and are used to power a wide variety of devices.  (Compl. ¶ 10.)  Energizer contends that Duracell's premium Duracell Optimum batteries are being "marketed and sold to the public under false pretenses," and that this Court should take "immediate action to protect the public from Duracell's unlawful behavior."  (*Id.* ¶ 4.)  Energizer alleges that it too has been injured by Duracell's advertising, including through the diversion of potential sales.  (*Id.* ¶ 76.)

Duracell's most popular and bestselling AA and AAA batteries are its "Coppertop" batteries, which Energizer characterizes in its complaint as "basic tier" batteries.  (*Id.* ¶ 11.)  In 2019, Duracell launched Duracell Optimum, a new, premium line of AA and AAA batteries.  (*Id.*)  In order to promote its new product line, Duracell began a marketing and advertising campaign across a variety of media platforms.  Duracell also designed and distributed updated, premium packaging for its updated, premium product (the "Product Packaging").  (*Id.* ¶ 13.)  Energizer alleges that certain claims made in Duracell's advertising, including on the Product Packaging— as well as certain claims *not* made—are false and misleading.

As alleged in the Complaint, the front of the Product Packaging prominently features the phrase: "EXTRA LIFE* | EXTRA POWER*."  (*Id.* ¶ 17.)  Also printed on the front of the package, in white text against a matte black background, is an explanatory disclaimer, which states that Duracell Optimum "*Delivers extra life or extra power, vs. Coppertop AA [or AAA] in a wide range of devices."  (*Id.* ¶ 18.)  Printed on the back of the packaging is the phrase "Duracell's

3

**highest energy** disposable AA battery engineered to provide the **Extra Life\*** or **Extra Power\***
your devices need," again with the explanatory disclaimer.  (*Id.* ¶ 20.)

Energizer also alleges that Duracell has promoted Duracell Optimum through
misleading website advertising (the "Web Ads").  Like the Product Packaging, the Web Ads
display the text "EXTRA LIFE\* | EXTRA POWER\*" as well as a disclaimer explaining that
Duracell Optimum "\*Delivers extra life or extra power, vs. Coppertop AA/AAA in a wide range
of devices."  (*Id.* ¶¶ 28-29.)

Finally, Energizer alleges that Duracell has promoted Duracell Optimum through
video advertisements (the "Video Ads") which air on television and are accessible online.  (*Id.*
¶ 33.)  The Video Ads each feature images of the Product Packaging, as well as a graphic
reproduction of the text that appears in the Web Ads and on the Product Packaging—that is, the
words "EXTRA LIFE\*" and the words "EXTRA POWER\*" along with an explanatory disclaimer
that states: "\*VS. DURACELL COPPERTOP AA.  DELIVERS EXTRA LIFE OR EXTRA
POWER, IN A WIDE RANGE OF DEVICES."  (*Id.* ¶ 35.)  Energizer alleges that each of the
Video Ads concludes with a voice-over announcing: "Because both is better than not both."
(*Id.* ¶ 34.)  Energizer neglects, however, to mention the phrases that directly precede this
statement.  The full voice-over states:  "Versus Coppertop, new Duracell Optimum can do both.
Extra Life in some devices, or Extra Power in others.  Because both is better than not both."[1]

Energizer alleges that the Product Packaging, the Web Ads and the Video Ads
(collectively, the "Challenged Advertisements") are false and misleading.  Specifically, Energizer

---

[1]   The Court may consider the full context of the Video Ads on this Rule 12(c) motion because they have been
incorporated by reference in the complaint.  *See, e.g.*, *Chubb INA Holdings, Inc.* v. *Hole In Won LLC*, 19-CV-
2514 (JPO), 2020 WL 774130, at \*2 n.1 (S.D.N.Y. Feb. 18, 2020).

alleges that each of the Challenged Advertisements conveys the following messages, which Energizer alleges, on information and belief, are not true:

> a)  that Duracell Optimum batteries provide extra life and extra power in all devices as compared to all other batteries in the same size category; and
>
> b)  that Duracell Optimum batteries provide extra life and extra power in all devices as compared to Duracell Coppertop batteries in the same size category.

(*Id.* ¶¶ 24, 31, 42.)  Energizer pleads no facts to support its contention that these alleged messages are false or misleading.  Energizer also effectively concedes that these alleged messages are "inconsistent with" and "contradict[ed]" by the explanatory disclaimer.  (*Id.* ¶¶ 19, 30, 41.)  Indeed, Energizer does not challenge the truth of the explanatory disclaimer.  Nor does it allege that the Challenged Advertisements, *when read in the context of the explanatory disclaimer*, are false or misleading.

Energizer further alleges that the Product Packaging misleadingly claims that Duracell Optimum batteries have a "shelf life" of longer than ten years—that is, that Duracell Optimum batteries will last longer than ten years in storage.  (*Id.* ¶ 23.)  Energizer acknowledges that the terms "shelf life," "ten years" and "in storage" do not appear anywhere on the Product Packaging.  Nevertheless, Energizer claims that Duracell willfully has misled consumers simply because Duracell Optimum batteries are sometimes shelved in close proximity to Duracell Coppertop batteries, and the packaging for Duracell Coppertop batteries (the "Coppertop Packaging") claims that Duracell *Coppertop* batteries are "Guaranteed 10 years in storage."  (*Id.* ¶ 21.)  Without alleging any facts, Energizer then attempts to link the two entirely different packages for the two entirely different products by alleging that a reasonable consumer, viewing the Duracell Optimum Product Packaging next to the Coppertop Packaging, will understand the

phrase "EXTRA LIFE" to mean "Guaranteed *longer* than 10 years in storage," notwithstanding the uncontested fact that none of these words appear anywhere on the Duracell Optimum Product Packaging, and that Energizer, itself, acknowledges elsewhere in its Complaint that "EXTRA LIFE" means extra life in "devices," not extra life in storage.

In particular, Energizer alleges that the Product Packaging conveys the following messages which it alleges, on information and belief, are false:

    a) that Duracell Optimum batteries have a longer shelf life than *all other batteries* in the same size category; and

    b) that Duracell Optimum batteries have a longer shelf life than Coppertop batteries in the same size category.

(*Id.* ¶ 24 (emphasis added).)  Energizer does not explain how or why a reasonable consumer might read a claim made on packaging for one product (Duracell Coppertop) also to apply to wholly different products that may happen to be nearby (Duracell Optimum).  And it has not even attempted to plead support for its allegation that consumers understand "Extra Life" to mean that Duracell Optimum batteries have a longer shelf life than *all other batteries* in the same size category.

Based upon these allegations, Energizer asserts claims for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), false advertising under N.Y. Gen. Bus. Law § 350, and unfair and deceptive trade practices under N.Y. Gen. Bus. Law § 349.  For the reasons that follow, each of these claims should be dismissed in their entirety with prejudice.

## ARGUMENT

### A.    <u>Legal Standard</u>

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is appropriate "where material facts are undisputed and where a judgment on the merits is possible

merely by considering the contents of the pleadings." *Yang* v. *An Ju Home, Inc.*, 19-CV-5616 (JPO), 2020 WL 3510683, at *2 (S.D.N.Y. June 29, 2020) (citation omitted). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel* v. *Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). To survive a Rule 12(c) or Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). Although reasonable inferences may be drawn in plaintiff's favor, the Supreme Court has emphasized that mere conclusory statements and "formulaic recitation of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555. Dismissal is appropriate where a plaintiff fails to "'raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

"On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc.* v. *Old Navy, LLC*, 647 F.3d 419, 322 (2d Cir. 2011) (citation omitted). "A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Id.* (citation omitted).

B.   **Energizer Does Not State a Valid Lanham Act Claim**

Energizer fails to state a claim for False Advertising under the Lanham Act because the Challenged Advertisements, as alleged by Energizer, amount to nothing more than "mere puffery" and are thus nonactionable as a matter of law.

To the extent that consumers do read or hear the explanatory disclaimer featured in each of the Challenged Advertisements, which makes clear that Duracell Optimum provides extra life *or* extra power in a wide range of devices as compared to Duracell Coppertop batteries, the Challenged Advertisements are indisputably true.  Energizer does not—and cannot—allege otherwise.  Instead, Energizer alleges that consumers simply do not read the explanatory disclaimer found on the Product Packaging as well as in the Web Ads and Video Ads.  Stripped of the explanatory disclaimer, as Energizer alleges, the generalized words "Extra Life | Extra Power" and "both is better than not both" simply amount to nonactionable puffery because they are the sort of vague, nonspecific and subjective words upon which no reasonable consumer would rely, rendering Energizer's claims "nonactionable under the Lanham Act or NYGBL § 349."  *Davis* v. *Avvo, Inc.*, 345 F. Supp. 3d 534, 541 (S.D.N.Y. 2018).

### 1.     Puffery Is a Question of Law

Whether an advertisement amounts to nonactionable puffery is a question of law that courts may, and often do, resolve on the pleadings.  *See Lugones* v. *Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 2020 WL 871521, at *8 (S.D.N.Y. Feb. 21, 2020).  Puffery "is a defense that presents an exception" to the "normal rule" that "whether an act is materially misleading" under false advertising law "is generally a question of fact not suited for resolution at the motion to dismiss stage."  *Duran* v. *Henkel of Am., Inc.*, --- F. Supp. 3d ---, 2020 WL 1503456, at *4-*5 (S.D.N.Y. Mar. 30, 2020).  Courts may find "allegations of . . . false statements or conduct implausible on their face" where the challenged statement is "so vague and non-specific a representation that, at most, it amounts to inactionable 'puffery'."  *Geffner* v. *Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019).

2.      **The Advertising, as Alleged by Energizer, Is Nonactionable Puffery**

Energizer's claims under the Lanham Act fail because, as a matter of law, the phrases "Extra Life* | Extra Power*" and "both is better than not both" are nonactionable puffery. Puffery is "an exaggeration or overstatement expressed in broad, vague, and commendatory language." *Duran*, 2020 WL 1503456, at *5 (citation omitted). In other words, puffery statements are "'subjective claims about products, which cannot be proven either true or false.'" *Time Warner Cable, Inc.* v. *DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007) (quoting *Lipton* v. *Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995)). Puffery statements are "not actionable under the Lanham Act." *Id.* That is because such exaggerated statements "make no specific claims on which consumers could rely." *Duran*, 2020 WL 1503456, at *5 (citation omitted). In considering puffery arguments, courts in this Circuit generally reference: "(i) vagueness; (ii) subjectivity; and (iii) inability to influence the buyers' expectations." *Avola* v. *Louisiana-Pacific Corp.*, 991 F. Supp. 2d 381, 382 (E.D.N.Y. 2013) (citing *Time Warner*, 497 F.3d at 159).

Applying those principles to advertising claims in the specific context of batteries, courts within the Second Circuit and elsewhere have held that vague and boastful statements about a battery's life or power are nonactionable puffery. For example, in *Stewart* v. *Ocean State Jobbers, Inc.*, No. 3:17-CV-1266 (JCH), 2018 WL 379011, at *2–*3 (D. Conn. Jan. 10, 2018), the court held on a motion to dismiss that the similar representation on packages that batteries "LAST[] LONGER … MUCH LONGER" was not materially misleading as a matter of law because the statement amounted to "mere puffery." *Id.* at *2. The court concluded that the statement was puffery because it was a "vague, boastful statement which, in the absence of a point of comparison, cannot be proven true or false, and a reasonable buyer would not be misled by it." *Id.* Relying on guidance from district courts around the country, the court noted that similar comparative representations, such as "higher performance" and "longer battery life," have been found to be

9

nonactionable puffery.  *Id.* (citing *Oestreicher* v. *Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008)).  Accordingly, the court dismissed plaintiff's false advertising claim on the pleadings.

Similarly, in *Punian* v. *Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *9 (N.D. Cal. Mar. 15, 2016), the court held on a motion to dismiss that "generalized statements" that a consumer "will always have access to power" when needed and can "trust" Duracell batteries are nonactionable puffery.  The court reasoned that the statements say nothing about the "specific characteristics" of the batteries, but instead (and like here) are "vague product superiority claims that are no more weighty than an advertising slogan."  *Id.* (citation and internal quotation marks omitted).  The court therefore dismissed plaintiff's false advertising claim because "a reasonable consumer would not interpret either of the two statements as a factual claim upon which he or she could rely."  *Id.* (citation and internal quotation marks omitted).

The decision in *Oestreicher* is instructive.  In that case, the court held that defendant's claims of "higher performance" and "longer battery life" with respect to its computers—exactly what Duracell says with respect to its batteries—were "all non-actionable puffery."  544 F. Supp. 2d at 973.  In reaching that conclusion, the court noted that "generalized and vague statements of product superiority," such as "faster, more powerful, and more innovative than competing machines," are "non-actionable puffery."  *Id.*

Courts in the Second Circuit have held similar generalized claims of superiority to constitute nonactionable puffery in non-battery contexts.  *See, e.g.*, *Cablevision Sys. Corp.* v. *Verizon New York Inc.*, 119 F. Supp. 3d 39, 53 (E.D.N.Y. 2015) (finding, on a motion for preliminary injunction, that a claim that a certain provider's network was a "better data network" or "better than cellular" was "inactionable puffery"); *Fink* v. *Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011) (finding, in granting a motion for judgment on the pleadings, that

advertising statements that an internet service provider's connectivity speeds are the "fastest, easiest" are "classic examples of generalized puffery"); *Hubbard* v. *General Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *7 (S.D.N.Y. May 22, 1996) (finding, in granting a motion to dismiss, that advertising statements describing certain trucks as "the most dependable, long-lasting trucks on the planet" were nonactionable puffery because the statements were "generalized and exaggerated").

This well-settled authority compels the dismissal of Energizer's Lanham Act false advertising claim. Like the advertising claims at issue in *Stewart*, the words "Extra Life* | Extra Power*"—when stripped of the explanatory disclaimer—are merely a "vague, boastful statement which, in the absence of a point of comparison, cannot be proven true or false, and a reasonable buyer would not be misled by it." *Stewart*, 2018 WL 379011, at *2. The "Extra Life" claim is substantially similar to the "LASTS LONGER … MUCH LONGER" claim that was found to be nonactionable puffery in *Stewart*, as well as the "longer battery life" claim that was found to be nonactionable puffery in *Oestreicher*. That is true regardless of whether the words "Extra Life" are understood to apply to longevity in use, shelf life, energy capacity, some other form of battery life, or a combination thereof. Indeed, the very fact that the words "Extra Life" are subject to multiple interpretations further confirms that they constitute nonactionable puffery. *See, e.g.*, *Cablevision*, 119 F. Supp. 3d at 53 ("That the meaning of 'better' can be questioned not only undermines any claim of falsity, but renders this language inactionable puffery."). Here, Energizer's own Complaint concedes that the words "Extra Life" are subject to multiple interpretations. *Compare* Compl. ¶¶ 24, 31, 42 (alleging that "Extra Life" means "extra life . . . in devices"), *with* Compl. ¶ 24 (alleging that "Extra Life" means "a longer shelf life"). With respect to each of those possible interpretations, the "Extra Life" claim on Duracell Optimum packaging—

like the "LASTS LONGER … MUCH LONGER" claim in *Stewart*—is a "vague, boastful statement" that constitutes nonactionable puffery.

Duracell Optimum's "Extra Power" claim—when stripped of the explanatory disclaimer, as Energizer alleges—also constitutes nonactionable puffery as confirmed by the case law discussed above.  Indeed, the "Extra Power" claim is substantially similar to the "more powerful" and "higher performance" claims that were found to be nonactionable puffery in *Oestreicher*, as well as the claim that a consumer "will always have access to power," which was found to be nonactionable puffery in *Punian*.

Finally, Energizer's claim with respect to the advertising slogan that "both is better than not both" in the Duracell Optimum Video Ads is subject to dismissal for two independent reasons.  *First*, the "both is better than not both" statement is substantially similar to the "better data network" and "better than cellular" advertising claims that were found to be nonactionable puffery in *Cablevision*, and thus should be dismissed for the same reason.  *Second*, Energizer's claim with respect to the "both is better than not both" statement in the Video Ads also must be dismissed because Energizer's Complaint misrepresents the contents of those ads.  As noted above, the full voice-over in those ads states:  "Versus Coppertop, new Duracell Optimum can do both. Extra Life in some devices, or Extra Power in others.  Because both is better than not both." Energizer does not allege that the full statement is false or misleading in any way, and Energizer does not—and cannot—plausibly allege that consumers hear only the last sentence of the voice-over, and not the two sentences that immediately precede it.  Accordingly, Energizer fails to state a claim for false advertising with respect to the voice-over in the Duracell Optimum Video Ads.

In sum, because the advertising claims at issue in this case, as alleged by Energizer, are "vague, boastful statement[s] which, in the absence of a point of comparison, cannot be proven

true or false," *Stewart*, 2018 WL 379011, at *2, they constitute nonactionable puffery, and thus Energizer's Lanham Act false advertising claim should be dismissed on the pleadings.

      **C.**     **Energizer's N.Y. Gen. Bus. Law §§ 349 and 350 Claims Also Fail**

For the same reasons that Energizer has failed to state a claim under the Lanham Act, its New York state law claims also must fail.  Section 349 of the GBL generally prohibits "[d]eceptive acts or practices in the conduct of any business . . . or in the furnishing of any service in the state."  N.Y. Gen. Bus. Law § 349(a).  To state a claim under Section 349, a plaintiff must plead that (1) the defendant engaged in a consumer-oriented act, (2) the consumer-oriented act was misleading in a material way, and (3) the plaintiff consequently suffered injury.  *Chen* v. *Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020); *Stutman* v. *Chem. Bank*, 731 N.E.2d 608, 611 (N.Y. 2000).  Section 350 of the GBL prohibits false advertising, which it defines as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."  N.Y. Gen. Bus. Law §§ 350 to 350-a.

The "essential elements" of claims under GBL 349 and GBL 350 "are the same."  *Drone Racing League, Inc.* v. *DR1, LLC*, 18cv4093 (DLC), 2018 WL 6173714, at *6 (S.D.N.Y. Nov. 26, 2018).  In order to state a claim under either section, "a plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Mantikas* v. *Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (citation omitted); *see also Chen*, 954 F.3d at 500.

"It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."  *Fink* v. *Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  "The New York Court of Appeals has established an objective standard for determining whether acts or practices are materially deceptive or misleading

to a reasonable consumer acting reasonably under circumstances." *Goldemberg* v. *Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014) (citation omitted).

Statements that are mere "puffery" cannot, as a matter of law, "mislead a reasonable consumer." That is because, by definition, puffery includes "generalized or exaggerated statements which a reasonable consumer would not interpret as a factual claim upon which he could rely." *Lugones*, 2020 WL 871521, at *8 (citation omitted). Puffery is thus "a defense that presents an exception" to the "normal rule" that "whether an act is materially misleading" under false advertising law "is generally a question of fact not suited for resolution at the motion to dismiss stage." *Duran*, 2020 WL 1503456, at *4-*5.

Accordingly, because Duracell's "Extra Life," "Extra Power" and "both is better than not both" claims are all "generalized or exaggerated statements which a reasonable consumer would not interpret as a factual claim upon which he could rely," *Lugones*, 2020 WL 871521, at *8, and thus constitute nonactionable puffery, Energizer's GBL 349 and 350 claims must fail for the same reasons as its Lanham Act claim.

## CONCLUSION

For these reasons, Duracell respectfully requests that the Court dismiss Energizer's Complaint in its entirety and with prejudice for failure to state a claim under Fed. R. Civ. P. 12(c).

Dated:   New York, New York
         July 27, 2020

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP

By:   */s/  Andrew Gordon*
      Andrew Gordon
      Darren W. Johnson
      Aaron Delaney
      1285 Avenue of the Americas
      New York, New York 10019-6064
      Tel: (212) 373-3000
      Fax: (212) 492-0710
      agordon@paulweiss.com
      djohnson@paulweiss.com
      adelaney@paulweiss.com

      *Attorneys for Defendant and*
        *Counterclaim-Plaintiff Duracell U.S.*
        *Operations, Inc.*

15