UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Energizer Brands, LLC,<br><br>                              Plaintiff,<br><br>            - against -<br><br>Duracell U.S. Operations, Inc.,<br><br>                              Defendant. | Case No. 19-cv-09061-JPO |
| Duracell U.S. Operations, Inc.,<br><br>                              Counterclaim Plaintiff,<br><br>            - against -<br><br>Energizer Brands, LLC,<br><br>                              Counterclaim<br>                              Defendant. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DURACELL'S MOTION FOR JUDGMENT ON THE PLEADINGS**

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendant and Counterclaim-
Plaintiff Duracell U.S. Operations, Inc.*

Dated: August 17, 2020

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Table of Authorities ................................................................................................ ii

Preliminary Statement ............................................................................................1

Argument ................................................................................................................3

    The Advertising, as Alleged by Energizer, is Puffery .......................................3

    A. Duracell's Motion Is Based on the Advertising as Alleged by Energizer
       in Its Complaint ...........................................................................................3

    B. The Distinction between Literal Falsity and Implied Falsity Is Irrelevant
       for Purposes of This Motion ........................................................................6

    C. Energizer Fails to Distinguish the Directly On-Point Cases Cited in
       Duracell's Main Brief, Which Mandate Dismissal of Its Complaint .........7

Conclusion ............................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Avola* v. *Louisiana-Pacific Corp.*,
   991 F. Supp. 2d 381 (E.D.N.Y. 2013) ...........................................................................8

*Baraket* v. *Holder*,
   632 F.3d 56 (2d Cir. 2011) .............................................................................................8

*Duran* v. *Henkel of Am., Inc.*,
   --- F. Supp. 3d ---, 2020 WL 1503456 (S.D.N.Y. Mar. 30, 2020) ................................5

*Fink* v. *Time Warner Cable*,
   810 F. Supp. 2d 633 (S.D.N.Y. 2011) ...........................................................................9

*Hubbard* v. *General Motors Corp.*,
   No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996)...................................10

*Oestreicher* v. *Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008) .......................................................................8, 9

*Punian* v. *Gillette Co.*,
   No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016).......................8

*Stewart* v. *Ocean State Jobbers, Inc.*,
   No. 3:17-CV-1266 (JCH), 2018 WL 379011 (D. Conn. Jan. 10, 2018)....................5, 7

*Time Warner Cable, Inc.* v. *DIRECTV, Inc.*,
   497 F.3d 144 (2d Cir. 2007) .......................................................................................5, 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(c) ................................................................................................................1, 6

Fed. R. Civ. P. 12(h)(2)(B) .........................................................................................................1

Defendant and Counterclaim-Plaintiff Duracell[1] respectfully submits this reply memorandum in further support of its motion, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings dismissing Energizer's Complaint in its entirety (Dkt. 18) (the "Motion").[2]

## PRELIMINARY STATEMENT

Duracell's main brief ("Main Brief" or "Main Br.") established that Energizer's Complaint should be dismissed as a matter of law because the advertising at issue in this dispute is mere puffery, and thus is nonactionable under federal and state false advertising law. Nothing in Energizer's opposition ("Opposition" or "Opp.") should lead this Court to conclude otherwise. Indeed, rather than engage directly with the arguments in Duracell's Main Brief, Energizer totally mischaracterizes them, and then proceeds to knock down straw man arguments that have no bearing on Duracell's Motion.

*First*, Energizer argues that Duracell supposedly failed to consider the advertising at issue "as a whole." That is wrong. On the contrary, the only "context" that Duracell's analysis omits is the explanatory disclaimer and for good reason: on this Motion, Duracell is bound to accept the facts as they are alleged in the Complaint. Energizer's *own pleading* claims that the disclaimer is "tiny, sideways, barely legible, [and in] mice-type," (Compl. ¶ 18), and Energizer's Opposition further confirms that the disclaimer is "so small, and so difficult to parse, that whatever information [it] do[es] contain will have little to no impact." (Opp. at 13.) Energizer simply cannot have it both ways. Either consumers do read and understand the explanatory disclaimer, or they

---

[1] Capitalized terms have the same meaning given to them in Duracell's Memorandum of Law in Support of its Motion for Judgment on the Pleadings (Dkt. 19) (hereinafter "Main Brief" or "Main Br.").

[2] Energizer suggests that Duracell has unduly delayed in filing this motion by seeking "various extensions." Opp. at 3. Not true. In fact, only *one* extension has been granted or sought by either party in this action, and it has nothing to do with this Motion. Dkt. 13. Energizer, on the other hand, waited *four months* to effect service of its Complaint. In any event, there is no question that the Motion is timely because a motion for judgment on the pleadings may be brought at any time "[a]fter the pleadings are closed" so long as it is "within such time as not to delay the trial." Fed. R. Civ. P. 12(c); *see also* Fed. R. Civ. P. 12(h)(2)(B).

do not.  If they do read and understand the explanatory disclaimer, then they cannot possibly be confused because Energizer does not—and cannot—allege that the words "Extra Life | Extra Power" in the context of the explanatory disclaimer, are false and misleading.  If consumers do not read and understand the explanatory "mice-type" disclaimer, as Energizer's own allegations suggest, then the words "Extra Life | Extra Power" are plainly nonactionable puffery for the reasons set forth in Duracell's Main Brief.  In either case, Energizer's Complaint fails to state a claim as a matter of law.

*Second*, Energizer argues that Duracell's Main Brief ignores the concept of implied falsity.  Not true.  Duracell's Main Brief addresses Energizer's claims exactly as they are pleaded, and Energizer's Complaint makes no attempt to distinguish between which of the allegedly false and misleading advertising messages is literally false versus impliedly false.  (*See, e.g.*, Compl. ¶¶ 24, 31, 42, 54, 63.)  In any event, the distinction is irrelevant for purposes of this Motion because regardless of whether the advertising messages at issue are characterized as literally false or impliedly false, they still constitute nonactionable puffery for the reasons set forth in Duracell's Main Brief.

*Finally*, Energizer weakly attempts to distinguish the on-point cases cited in Duracell's Main Brief by mischaracterizing their facts and holdings.  But no amount of obfuscation on Energizer's part can hide the fact that each of those cases involves advertising messages that are substantially similar to those at issue here, and each of those cases concludes that such messages are nonactionable puffery.  Energizer also fails to cite any contrary authority holding similar advertising messages to be anything other than what Duracell's Main Brief shows them to be:  nonactionable puffery.  Energizer's inability to do so is not surprising given that every court

that has addressed advertising claims similar to those at issue here has routinely found them to be nonactionable puffery.  This case is no different, and the result should be the same.

For these reasons, as discussed more fully below and in Duracell's Main Brief, Energizer's Complaint should be dismissed in its entirety with prejudice.

## ARGUMENT

## THE ADVERTISING, AS ALLEGED BY ENERGIZER, IS PUFFERY

Duracell's Main Brief demonstrated that Energizer's claims fail as a matter of law because the phrases "Extra Life* | Extra Power*" and "both is better than not both" are the sort of vague product superiority claims that courts repeatedly and consistently hold constitute nonactionable puffery.  (Main Br. at 9-13.)  Having no substantive response to this conclusion and the case law supporting it, Energizer resorts to mischaracterizing Duracell's Main Brief, claiming that Duracell failed to consider the Advertising "as a whole," and ignored the concept of implied falsity.  Both assertions are entirely meritless.[3]

### A. Duracell's Motion Is Based on the Advertising as Alleged by Energizer in Its Complaint

Duracell's Main Brief makes clear that the Advertising, "as alleged by Energizer," is nonactionable puffery.  (*See, e.g.*, Main Br. at 7, 9, 12.)  Ignoring Duracell's arguments, Energizer instead resorts to saying that Duracell somehow engaged in "disputatious dissection" of the Advertisements and failed to consider them in their full context.  (Opp. at 13.)  That is simply not true.  The only "context" that Duracell's Motion disregards is that which Energizer's Complaint disregards—namely, the explanatory disclaimer.  Although Energizer's Complaint includes vague references to the Advertising "[a]s a whole," there is no question that Energizer

---

[3]   In a footnote, Energizer also argues that Duracell is attempting to impose the heightened pleading standard of Fed. R. Civ. P. 9(b).  Not so.  Energizer's Complaint fails to state a claim for relief under Fed. R. Civ. P. 8 because the advertising as alleged is nonactionable as a matter of law.

itself ignores the explanatory disclaimer in alleging that the Advertising is false and misleading, as is evident from the fact that none of the allegedly false or misleading messages set forth in the Complaint reference *in any way* the content or context of the disclaimer.  Indeed, Energizer goes out of its way to read the explanatory disclaimer out of the packaging, alleging that the disclaimer is "tiny, sideways, barely legible, [and in] mice-type," and that the allegedly false or misleading advertising messages are "inconsistent with" and "contradict[ed]" by the explanatory disclaimer. (Compl. ¶¶ 18, 19, 30, 41.)  Far from disputing this fact in its Opposition, Energizer further confirms it by claiming that the disclaimer is "so small, and so difficult to parse, that whatever information [it] do[es] contain will have little to no impact."  (Opp. at 13.)  Thus, it is entirely appropriate, and fully consistent with Energizer's own allegations, to disregard the explanatory disclaimer in determining that the Advertising is nonactionable puffery.

        The other so-called "context" that Energizer alludes to in its Opposition (Opp. at 16) also does not salvage its claim.  Energizer simply does not—and cannot—explain how any of this "context"—such as the "placement and emphasis" of "Extra Life | Extra Power," the fact that Duracell Optimum is a "new premium offering," and the fact that Duracell Optimum batteries are often found on shelves near Duracell Coppertop packages that contain a "Guaranteed 10 years in storage" claim—either individually or as a whole—converts what otherwise would be nonactionable puffery into an actionable false and misleading statement.  Accepting Energizer's well-pleaded allegations as true, as we must on this Motion, it plainly does not.  According to the Complaint:

- The "placement and emphasis" of "Extra Life | Extra Power" is alleged to cause consumers not to read or understand the explanatory disclaimer because it is

"miniscule" in comparison to the "bold, unqualified emphasis of the phrases "EXTRA LIFE*'" and "EXTRA POWER*."  (Compl. ¶ 19.)

- Although Energizer alleges that "Duracell recently introduced a new, premium offering for AA and AAA batteries under the name 'Optimum'" (*id.* ¶ 11), it does not allege that the words "new" or "premium" are false (they are not), let alone that they are communicated to consumers in any way.  In fact, the pictures of the Optimum packaging included within the Complaint plainly show that those words are not communicated to consumers.  But even if those words were somehow communicated, they too are precisely the type of "vague," "subjective" and "commendatory" claims that courts consider to be nonactionable puffery.  *See Stewart* v. *Ocean State Jobbers, Inc.*, No. 3:17-CV-1266 (JCH), 2018 WL 379011, at *2 (D. Conn. Jan. 10, 2018); *Time Warner Cable, Inc.* v. *DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007); *Duran* v. *Henkel of Am., Inc.*, --- F. Supp. 3d ---, 2020 WL 1503456, at *5 (S.D.N.Y. Mar. 30, 2020).

- As for the suggestion that a reasonable consumer, when viewing the Optimum packaging next to the Coppertop packaging, will understand the phrase "EXTRA LIFE" to mean "Guaranteed *longer* than 10 years in storage," Energizer does not dispute—as demonstrated in Duracell's Main Brief—that Energizer's own pleading contradicts any such association by alleging that consumers understand "EXTRA LIFE" to mean extra life in "devices," not extra life in storage.  (Main Br. at 5-6.)  Nor does Energizer cite any authority for the proposition that it is appropriate in analyzing whether an advertising

statement constitutes nonactionable puffery to consider entirely different statements on entirely different packaging for entirely different products.  There simply is no support for such a claim.

For these reasons, Energizer's argument that Duracell failed to consider the Advertising "as a whole" and in "context" is entirely baseless.  Duracell's Motion established that the Advertising, *as alleged by Energizer*, is nonactionable puffery.  Accordingly, the Complaint should be dismissed.[4]

### B.  The Distinction between Literal Falsity and Implied Falsity Is Irrelevant for Purposes of This Motion

Nor is there any basis to Energizer's argument that Duracell's Motion ignores the concept of implied falsity.  (Opp. at 16.)  Again, Duracell's Main Brief addresses Energizer's claims exactly as they are pleaded, and Energizer's Complaint makes no attempt to distinguish between which of the allegedly false advertising messages is literally false versus impliedly false. Instead, the Complaint simply states that each such message is "literally, impliedly, or, by necessary implication, false and misleading."  (*See, e.g.*, Compl. ¶¶ 24, 31, 42, 54, 63.)  Thus, Energizer's Complaint provides no basis to determine which of the allegedly misleading messages it believes to be literally false and which it believes to be impliedly false.

In any event, it does not matter.  Regardless of whether the Advertising is characterized as literally false or impliedly false, it is puffery under the well-established law cited in our Main Brief.  And, tellingly, Energizer fails to cite any authority for the proposition that the analysis of whether an advertising statement is nonactionable puffery differs, depending on

---

[4]  Energizer does not dispute that it misleadingly omits the "context" of the phrase "both is better than not both" in the Video Ads from its Complaint.  (Main Br. at 4.)  The full voice-over states:  "Versus Coppertop, new Duracell Optimum can do both.  Extra Life in some devices, or Extra Power in others.  Because both is better than not both."  As Energizer does not dispute, the Court may consider the full context of the Video Ads on this Rule 12(c) motion because they have been incorporated by reference in the complaint.  (Main Br. at 4, n.1.)

whether the statement is alleged to be impliedly false rather than literally false. Indeed, the law makes no such distinction. Whether a statement is characterized as literally false or impliedly false simply has no bearing on whether it is nonactionable puffery, as is illustrated by the fact that in none of the cases involving similar advertising claims to those at issue here did the court draw any distinction between whether the statements were alleged to be literally false or impliedly false. (*See* Main Br. at 9-11.)

### C. Energizer Fails to Distinguish the Directly On-Point Cases Cited in Duracell's Main Brief, Which Mandate Dismissal of Its Complaint

Unable to distinguish the numerous cases involving advertising statements substantially similar to those at issue here, all of which found such statements to be nonactionable puffery (Main Br. at 9-11), Energizer resorts to mischaracterizing the facts and holdings of three of the cases, and simply ignores the others (Opp. at 20-22).

In *Stewart* v. *Ocean State Jobbers, Inc.*, No. 3:17-CV-1266 (JCH), 2018 WL 379011 (D. Conn. Jan. 10, 2018), the court held on a motion to dismiss that a claim that batteries "LAST[] LONGER … MUCH LONGER" was not materially misleading as a matter of law because the statement amounted to "mere puffery." *Id.* at *2–*3. Notably, Energizer does not— and cannot—dispute that the advertising claim at issue in that case is substantially similar to those at issue here. Instead, Energizer argues that the plaintiff in *Stewart* "**never argued that [the advertising claims in question] were false**, rendering any statement about whether they are puffery mere *dicta*." (Opp. at 20 (emphasis in original).) That characterization of the court's holding is simply not true. The question of whether the advertising statements at issue constituted "deceptive acts" under GBL § 349 and/or "false advertising" under GBL § 350 (the very same state law claims asserted by Energizer in this case) was directly at issue in that decision, and squarely decided by the court as a matter of law. *See Stewart*, 2018 WL 379011, at *2–*3 ("The

7

court agrees with [defendant] that the representations on the packages—that the batteries "LAST LONGER ... MUCH LONGER" and have "UP TO 6X LONGER LASTING POWER"—are not materially misleading as a matter of law because they constitute 'mere puffery.'"). The court's puffery determination therefore is plainly not *dicta*. *See Baraket* v. *Holder*, 632 F.3d 56, 59 (2d Cir. 2011) (holding that "it is not substantive discussion of a question or lack thereof that distinguishes holding from dictum, but rather whether resolution of the question is necessary for the decision of the case").

Energizer also misreads *Punian* v. *Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016). There, the court held on a motion to dismiss that the advertising claim that a consumer "will always have access to power" from Duracell Coppertop batteries is nonactionable puffery. *Id.* at *9. Energizer asserts, in purely conclusory terms, that this advertising statement has "no bearing on Energizer's claims against Duracell." (Opp. at 21.) In doing so, Energizer completely ignores that the advertising statement in *Punian* and the advertising statement at issue here both involve "vague product superiority claims" with respect to the "power" delivered by Duracell batteries. *Punian*, 2016 WL 1029607, at *9. It is difficult to conceive of a more directly relevant precedent.

Finally, in *Oestreicher* v. *Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008), the court held that defendant's claims of "higher performance" and "longer battery life" with respect to its computers were "all non-actionable puffery." *Id.* at 973. Energizer argues that *Oestreicher* is distinguishable because the court "used an entirely different puffery standard than that articulated by Duracell in its Motion, and described in *Avola*." (Opp. at 22.) Yet again, Energizer mischaracterizes the decision. Indeed, the *Oestreicher* court applied a standard for nonactionable puffery that is substantially similar in all material respects to the *Avola* standard.

8

*Compare Oestreicher*, 544 F. Supp. 2d at 973 ("Generalized, vague, and unspecified assertions constitute mere puffery upon which a reasonable consumer could not rely, and hence are not actionable."), *with Avola* v. *Louisiana-Pacific Corp.*, 991 F. Supp. 2d 381, 392 (E.D.N.Y. 2013) (in determining puffery the court generally looks to "(i) vagueness; (ii) subjectivity; and (iii) inability to influence the buyers' expectations").  Not surprisingly, Energizer fails to identify a single material difference between those two standards.  Also meritless is Energizer's attempt to distinguish *Oestreicher* because the court in that case found that "Plaintiff has provided no specific statement or absolute characteristic regarding [the] laptops [at issue]."  *Oestreicher*, 544 F. Supp. 2d at 973.  Contrary to the suggestion in Energizer's Opposition, the *Oestreicher* court was not suggesting that "higher performance" and "longer battery life" are *unimportant* characteristics when it comes to laptops.  (Opp. at 22.)  (Indeed, anyone who has ever owned a laptop can testify to the fact that they both are critically important characteristics.)  The *Oestreicher* court was simply noting that the words "higher performance" and "longer battery life" are making no "specific" or "absolute" claim upon which consumers can rely, and, as such, are nonactionable puffery.  *Oestreicher*, 544 F. Supp. 2d at 973.  The same is true with respect to the "Extra Life" and "Extra Power" advertising statements at issue here.[5]

Significantly, Energizer makes no attempt whatsoever to distinguish the other cases with similar facts cited in Duracell's Main Brief, all of which further support a finding that the Advertising at issue here is nonactionable puffery.  (*See* Main Br. at 10-11, citing *Cablevision Sys. Corp.* v. *Verizon New York Inc.*, 119 F. Supp. 3d 39, 53 (E.D.N.Y. 2015) (finding, on a motion for

---

[5]   Although Energizer asserts in its Opposition that the statements "Extra Life" and "Extra Power" are "objectively measurable" (Opp. at 19), Energizer's Complaint is entirely devoid of any such allegation.  In any event, the question is not whether battery life and battery power are capable of being measured generally, but whether the actual advertising statements at issue involve specific points of comparison such that the statements are capable of being proven either true or false.  *See, e.g., Time Warner Cable*, 497 F.3d at 159.

preliminary injunction, that a claim that a certain provider's network was a "better data network" or "better than cellular" was "inactionable puffery"); *Fink* v. *Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011) (finding, in granting a motion for judgment on the pleadings, that advertising statements that an internet service provider's connectivity speeds are the "fastest, easiest" are "classic examples of generalized puffery"); *Hubbard* v. *General Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *7 (S.D.N.Y. May 22, 1996) (finding, in granting a motion to dismiss, that advertising statements describing certain trucks as "the most dependable, long-lasting trucks on the planet" were nonactionable puffery because the statements were "generalized and exaggerated").)

Nor does Energizer cite any contrary authority involving similar advertising messages. Energizer's inability to do so is not surprising given that every court that has addressed advertising claims similar to those at issue here has found them to be nonactionable puffery. This case is no different, and the result should be the same.

## CONCLUSION

For these reasons, and those in its Main Brief, Duracell respectfully requests that the Court dismiss Energizer's Complaint in its entirety and with prejudice.

Dated:   New York, New York
          August 17, 2020

                                    Respectfully submitted,

                                    PAUL, WEISS, RIFKIND, WHARTON &
                                      GARRISON LLP

                                    By:   /s/  Andrew Gordon
                                          Andrew Gordon
                                          Darren W. Johnson
                                          Aaron Delaney
                                          1285 Avenue of the Americas
                                          New York, New York 10019-6064
                                          Tel: (212) 373-3000
                                          Fax: (212) 492-0710
                                          agordon@paulweiss.com
                                          djohnson@paulweiss.com
                                          adelaney@paulweiss.com

                                          *Attorneys for Defendant and
                                            Counterclaim-Plaintiff
                                            Duracell U.S. Operations, Inc.*

                                    11