William H. Brewster (WB 2245)
R. Charles Henn Jr. (RH 3049)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: bbrewster@kilpatricktownsend.com
　　　chenn@kilpatricktownsend.com

Bryan Wolin (BW 8339)
**KILPATRICK TOWNSEND & STOCKTON LLP**
The Grace Building
1114 Avenue of the Americas, Fl. 21
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: bwolin@kilpatricktownsend.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENERGIZER BRANDS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DURACELL U.S. OPERATIONS, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 1:19-cv-09061-JPO<br><br>**AMENDED COMPLAINT** |

Plaintiff Energizer Brands, LLC ("Energizer" or "Plaintiff"), by and through its undersigned counsel of record, for its Amended Complaint[1] against Defendant Duracell U.S. Operations, Inc. ("Duracell") alleges as follows:

---

[1] This Amended Complaint is filed with the written consent of Defendant Duracell.

**NATURE OF THE CASE**

1.      Duracell's new "Optimum" AA and AAA batteries are being marketed and sold to the public under false pretenses. Through product packaging, TV and digital commercials, and other media, Duracell has duped consumers into believing that its Optimum batteries are ***both*** more powerful ***and*** longer lasting than all other AA or AAA batteries, when they are not – and Duracell knows they are not.

2.      Duracell is intentionally misleading the public to conclude that Optimum batteries offer ***both*** "extra life" ***and*** "extra power" in all devices – when they do not – through bold proclamations such as "EXTRA LIFE EXTRA POWER" on packaging (as depicted below) or in television commercials that announce "Both is better than not both**.**"



3.      Only those rare consumers willing to meticulously parse Duracell's ineffective, miniscule, and ambiguous disclaimers may uncover Duracell's actual, more limited claim: that Duracell's Optimum batteries *may* provide (i) longer usable lifespans compared to Duracell Coppertop batteries (*not* compared to competitors) in *some* (unspecified) devices, (ii) more power than Coppertop in *some other* (unspecified) devices, and (iii) *neither* benefit in some other (unspecified) devices. These paltry and sporadic benefits are not the stuff great ads are made of and, indeed, barely seem worth touting at all. So, instead of conspicuously disclosing these numerous caveats and limitations to consumers, Duracell instead decided to conceal them in barely legible disclaimers that contradict the prominent (but false) claims regarding the Optimum batteries' performance.

4.      Duracell's Optimum batteries use a different chemistry than Coppertop. The Optimum chemistry is unstable, which resulted in, among other things, leakage in a significant number of Optimum batteries that had to be pulled off of many shelves.  Moreover, because of  its different and less stable chemistry, the runtime advantage that Optimum may initially have "in some devices" lessens rapidly over time, and will in fact disappear during the anticipated useful life of the batteries. Because household batteries often sit in drawers and cabinets for many years before being used, a substantial portion of Optimum battery purchasers are unlikely ever to realize *any* of the runtime performance benefits Duracell touts for its Optimum battery.

5.      The Court should take immediate action to protect the public from Duracell's unlawful behavior. Accordingly, Energizer brings this action for false advertising under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a); unfair and deceptive trade practices under New York's General Business Law § 349; and false advertising under New

York's General Business Law § 350; seeking, among other remedies, injunctive relief to prevent Duracell from continuing to promulgate its false and misleading ads.

## PARTIES

6.      Plaintiff Energizer Brands, LLC is a Delaware limited liability company with a principal place of business at 533 Maryville University Drive, St. Louis, Missouri, 63141.

7.      On information and belief, defendant Duracell U.S. Operations, Inc. is a Delaware corporation doing business at 1209 Orange Street, Wilmington, Delaware 19801, with offices at 14 Research Dr., Bethel, CT 06801, and with its executive offices at 181 W. Madison St., Chicago, Illinois 60602.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and under principles of supplemental jurisdiction.

9.      This Court has personal jurisdiction over Duracell because Duracell transacts business in the state of New York and it disseminates advertising that is false or misleading and is likely to confuse consumers within the state.

10.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b)(1), (b)(2), and (c)(2) because Duracell resides in this District and a substantial part of the events giving rise to the claims in this action occurred in this District.

## FACTS SUPPORTING ENERGIZER'S REQUESTED RELIEF

**A.**      ***The Parties Directly Compete in Selling Consumer Batteries***

11.      The household battery segment can be divided into two broad categories: one category is comprised of discount and private label batteries, while the other is populated by name-brand household batteries. Duracell and Energizer are direct competitors in the name-brand

household battery category. Within that category, AA and AAA batteries are the best-selling battery sizes and are used to power a wide variety of household devices, from remote controls to baby monitors, and from flashlights to game consoles.

12.     Duracell offers several non-rechargeable AA and AAA batteries, including its primary and best-selling Coppertop brand, a product under the "Quantum" name, and the newly–introduced product under the name "Optimum."

13.     Energizer likewise offers AA and AAA batteries. Energizer's primary AA and AAA battery product is *Energizer* MAX®. Energizer also sells AA and AAA batteries under the Ultimate Lithium™ brand name.

**B.     *Duracell's False and Misleading Advertising and Marketing***

14.     In or about July 2019, simultaneously with the launch of the Optimum batteries, Duracell began a marketing and advertising campaign on a variety of platforms, including, but not limited to, television, Facebook, YouTube, Twitter, in-store displays, and on product packaging to promote its Optimum batteries.

15.     The following is a representative example of Duracell's product packaging for its Optimum batteries (the "Product Packaging"):





16.     Duracell's Optimum batteries are often found on shelves in retail outlets adjacent to Duracell's Coppertop brand batteries, a representative sample of which appears below:



17.    The Product Packaging contains several notable design elements that, taken together and viewed in the retail context, convey a variety of false or misleading messages.

18.    First, the front of the package clearly emphasizes the phrase "EXTRA LIFE | EXTRA POWER." These statements are in large, bold type, and are centered on the product package.

19.    Second, the front of the package contains a tiny, sideways, barely legible, mice-type disclaimer—removed from the claims—stating "*Delivers extra life or extra power, vs. Coppertop AA [or AAA] in a wide range of devices," as depicted in the red circle in the image below, which is approximately the actual size of a 12-pack of Optimum batteries:



20.     Duracell's miniscule and sideways disclaimer is entirely ineffective. Moreover, it is flatly inconsistent with, and indeed contradicts, the Product Packaging's bold, unqualified emphasis of the phrases "EXTRA LIFE*" and "EXTRA POWER*."

21.     Third, concealed on the back of the package, far from the conspicuously emphasized tag line on the front, Duracell includes the language, "Duracell's **highest energy** disposable AA battery engineered to provide the **Extra Life*** or **Extra Power**\* your devices need." (emphasis in original). Even this explanatory text bolds the phrases "Extra Life" and "Extra Power," further minimizing the crucial word "or."

22.     Fourth, the Optimum batteries and their packaging bear a striking similarity to Coppertop batteries and packaging. Both types of batteries are mostly black, but with copper coloring on the upper third. And both types of packs parrot this color scheme, with black on the

top and bottom and a copper stripe in the middle. This stylistic mimicry practically urges consumers to conflate the claims on these two packages.

23.     Fifth, the Optimum batteries, with the prominently displayed "EXTRA LIFE*" phrase on the front of the Product Packaging, often are located on shelves adjacent to, and mixed with, Duracell's Coppertop packaging, with its prominent "GUARANTEED 10 YEARS IN STORAGE" claim.

24.     By way of example, the following photograph, taken on September 27, 2019, depicts an in-store household battery display at the CVS store located at 1440 Broadway in this District:



25.     On information and belief, Optimum batteries have a shelf life that is substantially less than 10 years. Thus, any claim, including the false impression given to consumers, that Optimum batteries have a shelf life as long or longer than Coppertop batteries, is false and misleading.

26.     As a whole, Duracell's Optimum Battery Product Packaging conveys the following messages, each of which is literally, impliedly, or, by necessary implication, false and misleading:

    a) Optimum batteries provide ***both*** extra life ***and*** extra power in all devices as compared to all other batteries in the same size category (e.g. AAA or AA);

    b) Optimum batteries provide ***both*** extra life ***and*** extra power in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA);

    c) Optimum batteries have a shelf-life as long or longer than all other batteries in the same size category (e.g. AAA or AA); and

    d) Optimum batteries have a shelf-life as long or longer than Coppertop batteries in the same size category (e.g. AAA or AA).

27.     On information and belief, none of the foregoing claims is true.

28.     Consumer survey evidence shows that approximately 25% of purchasers of AA and AAA batteries are confused and misled by the claims on Duracell's Product Packaging into believing the Optimum batteries provide ***both*** extra power ***and*** extra life in ***all*** devices. Those consumers are confused and misled by the "EXTRA LIFE* | EXTRA POWER*" claim even when having an opportunity to review the disclaimer stating "*Delivers extra life or extra power, vs. Coppertop AA/AAA in a wide range of devices."

29.     Duracell has also promulgated similar misleading advertising claims on various websites, including the following representative examples for the 12 count AA package of Optimum batteries (the "Product Website Images"):





30. As with the Product Packaging, the Product Website Images contain several notable design elements that, taken together, convey a variety of false or misleading messages.

31. First, the Product Website Images clearly emphasize the phrase "EXTRA LIFE* | EXTRA POWER*" in large text, which is larger than all other text except for the brand and company names.

32. Second, the Product Website Images contain tiny, barely legible, mice-type disclaimers stating "*Delivers extra life or extra power, vs. Coppertop AA/AAA in a wide range of devices."

11

33.     Duracell's mice-type disclaimer is entirely ineffective. Moreover, it is flatly inconsistent with, and indeed contradicts, the Product Website Images' bold, unqualified emphasis of the phrases "EXTRA LIFE* | EXTRA POWER*."

34.     As a whole, Duracell's Optimum Battery Product Website Images convey the following messages, each of which is literally, impliedly, or, by necessary implication, false and misleading:

a) Optimum batteries provide ***both*** extra life ***and*** extra power in all devices as compared to all other batteries in the same size category (e.g. AAA or AA); and

b) Optimum batteries provide ***both*** extra life ***and*** extra power in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA);

35.     On information and belief, none of the foregoing claims is true.

36.     Duracell has also promulgated false and misleading advertising claims through various videos and television ads, including videos titled "Duracell x Toothbrush," "Internet Guy x Sweaty Guy," and "Beach x Bear" (the "Video Ads").

37.     The Video Ads have characters repeating the terms "Extra Life" and "Extra Power" over and over, and then each of the Video Ads concludes with a prominent voice-over stating: "Because both is better than not both."

38.     The Video Ads also display the Product Packaging and graphic reproductions of the terms "Extra Life" and "Extra Power," as depicted below:

12





39.     As of the filing of this action, on information and belief, the Video Ads have been broadcast widely on television, and jointly have received more than 26 million views on youtube.com.

40.     As with the marketing and advertising materials discussed above, the Video Ads contain several elements that, taken together, convey a variety of false or misleading messages.

41.     First, the Video Ads say "because both is better than not both," which is an inherently false and misleading statement as the Optimum battery does not deliver "both" extra life and extra power as evidenced by Duracell's own disclaimers.

42.     Second, the Video Ads clearly emphasize the phrase "EXTRA LIFE* | EXTRA POWER*" in text which is larger than all other on-screen text.

43.     Third, the Video Ads contain only a small visual disclaimer (with no corresponding audio) stating "*VS. DURACELL COPPERTOP AA. DELIVERS EXTRA LIFE OR EXTRA POWER, IN A WIDE RANGE OF DEVICES."

44.     Duracell's visual disclaimer is entirely ineffective. Moreover, it is flatly inconsistent with the Video Ads' visual images and audio announcements, including the unqualified statement "because both is better than not both."

45.     As a whole, Duracell's Video Ads convey the following messages, each of which is literally, impliedly, or, by necessary implication, false and misleading:

a) Optimum batteries provide extra life and extra power in all devices as compared to all other batteries in the same size category (e.g. AAA or AA); and

b) Optimum batteries provide extra life and extra power in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA).

46.     On information and belief, none of the foregoing claims is true.

47.     Because of their chemistry, Optimum batteries degrade far more rapidly than Coppertop Batteries, which manifests itself in two consumer-meaningful ways. First, Optimum batteries leak, becoming unusable, at a substantially higher rate that Coppertop batteries.

48.     In fact, due to this elevated leakage rate, Duracell was forced to take the extraordinary step of pulling leaking units of Optimum batteries out of certain retail stores.

49.     Second, because of the different chemistry present in Optimum batteries, unused Optimum batteries deteriorate faster than Coppertop batteries, and they do so in a manner such that they lose any "extra life" benefit over time, becoming comparable to or eventually worse than similarly-aged Coppertop batteries.

50.     Because a substantial portion of AA and AAA household batteries are not used within five (5) years after the date of manufacture, many consumers will not experience "Extra Life" versus Coppertop as stated and implied in the Duracell Product Packaging, Product Website Images, and Video Ads.

51.     The faster deterioration of the Optimum product is not disclosed anywhere on Duracell's Product Packaging, Product Website Images, or Video Ads.

52.     For these additional reasons, as a whole, Duracell's Product Packaging, Product Website Images, and Video Ads each convey the following additional message, which is literally, impliedly, or, by necessary implication, false and misleading: "Optimum batteries provide extra life in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA)."

53.     Furthermore, for these additional reasons, as a whole, Duracell's Product Packaging conveys the following message, which is literally, impliedly, or, by necessary implication, false and misleading: "Optimum batteries have a shelf-life as long or longer than Coppertop batteries in the same size category (e.g. AAA or AA)."

54.     Through its product name ("Optimum," meaning "best"), its premium price point, its resealable package, its positioning on retail shelves adjacent to less expensive batteries, and the other elements of Duracell's advertising and branding for the Optimum batteries, Duracell has positioned the Optimum batteries in the marketplace as a premium, high-performing product. This positioning reinforces the false and misleading messages conveyed by the Product Packaging,

Product Website Images, and Video Ads, encouraging consumers to incorrectly conclude that Optimum batteries outperform other batteries in multiple quantifiable ways.

55.     On information and belief, Duracell's Video Ads were created by the advertising agency Wieden + Kennedy ("WK") in the WK New York office, which is at 150 Varick Street in this District.

56.     On its website touting its work on Duracell's ad campaign – https://www.wk.com/work/duracell-optimum/ – WK says, *inter alia*, "The spots dimensionalize the ***dual*** benefit of extra life/extra power because after all, ***both is better than not both***." (emphasis added)

57.     On information and belief, Grant Mason is a WK art director who worked on the above-referenced Video Ads. Grant Mason states the following on his personal website (http://www.grantmason.com/optimum) about the campaign: "Duracell asked us to help launch their new Optimum battery - the biggest innovation to how they make batteries in 50 years. Optimum technology gives your devices the dual benefit of Extra Life or Extra Power - ***it does both***! Our job was to get the news of Extra Life/Extra Power out in a memorable way and let the world know the ***Both is Better than Not Both***." (emphasis added).

58.     Duracell's false and materially misleading advertising, marketing, and product packaging have been circulated in interstate commerce.

59.     On information and belief, Duracell's false and materially misleading advertising, marketing, and product packaging have deceived, or have the capacity to deceive, consumers, including Energizer's customers.

60.     Duracell has willfully engaged in false and misleading advertising in violation of federal and state law.

61.     As a result of Duracell's acts described herein, Energizer has been and will continue to be irreparably harmed.

## FIRST CLAIM FOR RELIEF
## FALSE ADVERTISING UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(a))

62.     Energizer repeats and re-alleges each and every allegation set forth in each of the paragraphs above, and incorporates them by reference.

63.     Duracell has, in interstate commerce, knowingly, willfully, intentionally and maliciously made false or misleading descriptions of fact, or misrepresentations of fact, concerning the nature, characteristics, and qualities of its Optimum batteries.

64.     As set forth above, Duracell's packaging and advertisements convey the messages that:

a)  Optimum batteries provide extra life and extra power in all devices as compared to all other batteries in the same size category (e.g. AAA or AA);

b)  Optimum batteries provide extra life and extra power in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA);

c)  Optimum batteries provide extra life in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA).

d)  Optimum batteries have a shelf-life as long or longer than all other batteries in the same size category (e.g. AAA or AA); and

e)  Optimum batteries have a shelf-life as long or longer than Coppertop batteries in the same size category (e.g. AAA or AA);

65.     The claims in Duracell's advertisements are literally or impliedly false, false by necessary implication, or materially misleading.

66.     The claims in Duracell's advertisements concern matters that are both objective and measurable: a battery's shelf-life (measured in years), power output (measured in watt-hours), and runtime (measured in days, weeks, months, or years).

67.     The claims in Duracell's advertisements concern matters of primary and material importance to household battery consumers: battery life and power output.

68.     Duracell's false or misleading statements have the capacity to deceive a substantial portion of Energizer's actual and potential customers and, upon information and belief, these statements have actually deceived consumers.

69.     Duracell's false or misleading claims threaten irreparable and ongoing harm to Energizer.

70.     By reason of the foregoing, Duracell's conduct constitutes false or misleading advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71.     Energizer has suffered injury caused by Duracell's conduct, including through the diversion of potential sales.

72.     Duracell's conduct also is causing irreparable injury to Energizer, and will continue to damage Energizer and to deceive the public unless enjoined by this Court.

73.     Energizer has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**FALSE ADVERTISING UNDER NEW YORK LAW**
**<ins>(N.Y. GEN. BUS. LAW § 350)</ins>**

74.     Energizer repeats and re-alleges each of the allegations set forth in each of the paragraphs above, and incorporates them by reference.

75.     Duracell has made material, false or misleading statements or representations of fact about Duracell's Optimum batteries. Specifically, Duracell has literally, impliedly, or by necessary implication made the following claims, none of which is true:

a) Optimum batteries provide extra life and extra power in all devices as compared to all other batteries in the same size category (e.g. AAA or AA);

b) Optimum batteries provide extra life and extra power in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA);

c) Optimum batteries provide extra life in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA).

d) Optimum batteries have a shelf-life as long or longer than all other batteries in the same size category (e.g. AAA or AA); and

e) Optimum batteries have a shelf-life as long or longer than Coppertop batteries in the same size category (e.g. AAA or AA).

76.     The claims in Duracell's advertisements concern matters that are both objective and measurable: a battery's shelf-life (measured in years), power output (measured in watt-hours), and runtime (measured in days, weeks, months, or years).

77.     Duracell's acts constitute false advertising in the conduct of business, trade, or commerce, or in the furnishing of any service in the state of New York in violation of New York's General Business Law § 350.

78.     The public is likely to be damaged because of Duracell's deceptive trade practices or acts. Specifically, Duracell's false or misleading statements implicate the health and safety of those consumers deceived by Duracell.

79.     Energizer has suffered injury caused by Duracell's conduct, including through the diversion of potential sales.

80.     Duracell's conduct is causing irreparable injury to Energizer, and will continue to damage Energizer and to deceive the public unless enjoined by this Court.

81.     Energizer has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**
**UNDER NEW YORK LAW**
**(N.Y. GEN. BUS. LAW § 349)**

82.     Energizer repeats and re-alleges each and every allegation set forth in each of the paragraphs above, and incorporates them by reference.

83.     By reason of the acts set forth above, Duracell has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of New York's General Business Law § 349.

84.     Specifically, Duracell has made false, deceptive, or misleading representations of facts or omissions of fact about the Optimum batteries that are likely to mislead reasonable consumers.

85.      The public is likely to be damaged because of Duracell's deceptive trade practices or acts. Specifically, Duracell's false, deceptive, or misleading statements implicate the health and safety of those consumers deceived by Duracell.

86.     Duracell directs its conduct at consumers, as Duracell's false, deceptive, or misleading statements are contained in advertising targeted toward consumers, including television advertisements, digital advertisements, and retail product packaging.

87.     Duracell's deceptive acts are likely to mislead a reasonable consumer acting reasonably under the circumstances.

20

88.     Duracell's deceptive acts affect the public interest in the state of New York because, upon information and belief, consumers located in New York have purchased Duracell's products in reliance on Duracell's false, deceptive, or misleading statements.

89.     Energizer has suffered injury caused by Duracell's conduct, including through the diversion of potential sales.

90.     Duracell's conduct is causing irreparable injury to Energizer, and will continue to damage Energizer and to deceive the public unless enjoined by this Court. Energizer has no adequate remedy at law.

## **PRAYER FOR RELIEF**

Therefore, Energizer requests judgment as follows:

1.     That a permanent and preliminary injunction enjoin Duracell and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Duracell, and all those in active concert and participation with Duracell, and each of them who receives notice directly or otherwise of such injunction, from:

a.     manufacturing, distributing, disseminating, publishing, or republishing the Product Packaging, the Video Ads, or the Product Website Images;

b.     offering, advertising, or promoting any product or service making false or misleading representations or descriptions of fact, in any medium, regarding Duracell's products, including but not limited to falsely or misleadingly claiming, either literally, impliedly, or by necessary implication, that:

i.   Optimum batteries provide extra life and extra power in all devices as compared to all other batteries in the same size category (e.g. AAA or AA);

    ii.  Optimum batteries provide extra life and extra power in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA);

    iii.  Optimum batteries provide extra life in all devices as compared to Coppertop batteries in the same size category (e.g. AAA or AA);

    iv.  Optimum batteries have a shelf-life as long or longer than all other batteries in the same size category (e.g. AAA or AA); and

    v.  Optimum batteries have a shelf-life as long or longer than Coppertop batteries in the same size category (e.g. AAA or AA).

c.    engaging in any other activity constituting false or misleading advertising or unfair competition with Energizer;

2.    Requiring Duracell to account for and pay to Energizer the profits realized by Duracell from its false or misleading advertising and unfair competition with Energizer;

3.    Awarding Energizer its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Duracell's acts of false or misleading advertising and unfair competition;

4.    Awarding Energizer interest, including pre-judgment interest, on the foregoing sums;

5.    Awarding Energizer its costs in this civil action;

6.    Awarding Energizer its reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a);

7.    Awarding Energizer exemplary and punitive damages to deter any future willful conduct, as the Court finds appropriate;

8.     Directing Duracell to file with the Court and serve upon Energizer counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Duracell has complied with the above; and

9.     Awarding Energizer such other and further relief as the Court may deem just and proper.

DATED: September 15, 2020              Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ William H. Brewster*
      William H. Brewster (WB 2245)
      R. Charles Henn Jr. (RH 3049)
      1100 Peachtree Street, NE, Suite 2800
      Atlanta, Georgia 30309
      Telephone: (404) 815-6500
      Facsimile: (404) 815-6555
      Email: bbrewster@kilpatricktownsend.com
            chenn@kilpatricktownsend.com

      Bryan Wolin (BW 8339)
      The Grace Building
      1114 Avenue of the Americas, Fl. 21
      New York, New York 10036
      Telephone: (212) 775-8700
      Facsimile: (212) 775-8800
      Email: bwolin@kilpatricktownsend.com

      *Attorneys for Plaintiff*