**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Energizer Brands, LLC,

                           Plaintiff,

        - against -

Duracell U.S. Operations, Inc.,

                           Defendant.

Duracell U.S. Operations, Inc.,

                           Counterclaim Plaintiff,

        - against -

Energizer Brands, LLC,

                           Counterclaim
                           Defendant.

Case No. 19-cv-09061-JPO

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF DURACELL'S**
**MOTION TO DISMISS ENERGIZER'S AMENDED COMPLAINT**

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendant and Counterclaim-*
*Plaintiff Duracell U.S. Operations, Inc.*

Dated: September 29, 2020

## TABLE OF CONTENTS

**Page**

Preliminary Statement ..................................................................................................1

Statement of Facts.......................................................................................................3

    A.    Procedural History ..........................................................................3

    B.    Energizer's Allegations .................................................................3

Argument .....................................................................................................................8

    A.    Legal Standard ...............................................................................8

    B.    Energizer Does Not State a Valid Lanham Act Claim ..................9

        1.    Puffery Is Nonactionable as a Matter of Law ................10

        2.    The Advertising, as Alleged by Energizer, Is Nonactionable Puffery ...........................................................................10

        3.    The Purported Survey Results Do Not Transform the Claims into Actionable Non-Puffery ...........................15

    C.    Energizer's N.Y. Gen. Bus. Law §§ 349 and 350 Claims Also Fail .........16

Conclusion .................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Italian Pasta Co.* v. *New World Pasta Co.*,
   371 F.3d 387 (8th Cir. 2004) ...................................................................9, 16

*Ashcroft* v. *Iqbal*,
   556 U.S. 662 (2009)...............................................................................8, 15

*ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ..........................................................................8

*Avola* v. *Louisiana-Pacific Corp.*,
   991 F. Supp. 2d 381 (E.D.N.Y. 2013) ......................................................11

*Bell Atlantic Corp.* v. *Twombly*,
   550 U.S. 544 (2007)......................................................................................8

*Cablevision Sys. Corp.* v. *Verizon New York Inc.*,
   119 F. Supp. 3d 39 (E.D.N.Y. 2015) ..................................................12, 13

*Chen* v. *Dunkin' Brands, Inc.*,
   954 F.3d 492 (2d Cir. 2020) ................................................................16, 17

*Chubb INA Holdings, Inc.* v. *Hole In Won LLC*,
   19-CV-2514 (JPO), 2020 WL 774130 (S.D.N.Y. Feb. 18, 2020) ...............5

*Davis* v. *Avvo, Inc.*,
   345 F. Supp. 3d 534 (S.D.N.Y. 2018) ......................................................10

*Drone Racing League, Inc.* v. *DR1, LLC*,
   18cv4093, 2018 WL 6173714 (S.D.N.Y. Nov. 26, 2018).........................17

*Duran* v. *Henkel of Am., Inc.*,
   --- F. Supp. 3d ---, 2020 WL 1503456 (S.D.N.Y. Mar. 30, 2020) ............10, 11, 16, 17

*Fink* v. *Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013) .......................................................................17

*Fink* v. *Time Warner Cable*,
   810 F. Supp. 2d 633 (S.D.N.Y. 2011) ......................................................12

*Geffner* v. *Coca-Cola Co.*,
   928 F.3d 198 (2d Cir. 2019) ................................................................10, 16

*Goldemberg* v. *Johnson & Johnson Consumer Cos., Inc.*,
   8 F. Supp. 3d 467 (S.D.N.Y. 2014) ...........................................................17

*Hubbard* v. *General Motors Corp.*,
   No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996) ................................. 12

*Lugones* v. *Pete & Gerry's Organic, LLC*,
   440 F. Supp. 3d 226, 2020 WL 871521 (S.D.N.Y. Feb. 21, 2020) ........... 10, 16, 17, 18

*Mantikas* v. *Kellogg Co.*,
   910 F.3d 633 (2d Cir. 2018) .................................................................................. 17

*Oestreicher* v. *Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008) ............................................................... 11, 12

*Parkcentral Global Hub Ltd.* v. *Porsche Auto. Holdings SE*,
   763 F.3d 198 (2d Cir. 2014) .................................................................................... 8

*Punian* v. *Gillette Co.*,
   No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) .............. 11, 12

*Stewart* v. *Ocean State Jobbers, Inc.*,
   No. 3:17-CV-1266 (JCH), 2018 WL 379011 (D. Conn. Jan. 10, 2018) .......... 11, 13, 15

*Stutman* v. *Chem. Bank*,
   731 N.E.2d 608 (N.Y. 2000) ................................................................................. 16

*Tiffany (NJ) Inc.* v. *eBay, Inc.*,
   600 F.3d 93 (2d Cir. 2010) ..................................................................................... 9

*Time Warner Cable, Inc.* v. *DIRECTV, Inc.*,
   497 F.3d 144 (2d Cir. 2007) ............................................................................... 9, 10

*Verisign, Inc.* v. *XYZ.COM*,
   848 F.3d 292 (4th Cir. 2017) .................................................................................. 9

*Weight Watchers Int'l., Inc.* v. *Noom, Inc.*,
   403 F. Supp. 3d 361 (S.D.N.Y. 2019) ..................................................................... 8

**STATUTES**

Lanham Act, 15 U.S.C. § 1125(a) ................................................................................ 3, 8

N.Y. Gen. Bus. Law § 349 ................................................................................. 3, 8, 16, 17

N.Y. Gen. Bus. Law § 350 ................................................................................. 3, 8, 16, 17

N.Y. Gen. Bus. Law § 350-a ..................................................................................... 17

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(c) .............................................................................. 3

Federal Rules of Civil Procedure Rule 12(b)(6)................................................1, 5, 7, 8, 18

Duracell U.S. Operations, Inc. ("Duracell" or "Defendant") respectfully submits this memorandum of law in support of its motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Amended Complaint filed by Energizer Brands, LLC ("Energizer" or "Plaintiff").

## PRELIMINARY STATEMENT

This lawsuit is the latest in a long history of market disputes between the two top-selling brands of household batteries in the United States. This particular iteration is Energizer's response to Duracell's efforts to reimagine the household battery market by introducing a premium, high-performing alkaline battery—Duracell Optimum batteries. With no premium alkaline battery of its own to compete with Duracell Optimum batteries, Energizer has instead sought the intervention of this Court to protect Energizer's market share, based on legally meritless claims of false advertising.

In the Amended Complaint, Energizer incorrectly alleges that Duracell has intentionally misled the public into believing that Duracell Optimum batteries provide more power and longer life than all other AA or AAA batteries in all devices. Energizer primarily bases these allegations on two promotional statements related to Duracell Optimum batteries: (1) the phrase "EXTRA LIFE* | EXTRA POWER*" shown on product packaging, web advertisements and video advertisements, and (2) a voice-over statement that "both is better than not both" in video advertisements.

Energizer alleges that consumers understand these statements to mean that Duracell Optimum batteries provide *both* extra life *and* extra power as compared to *all* other AA and AAA batteries in *all* devices. But that statement appears nowhere in any of the advertisements challenged by Energizer. What *does* appear on each of the advertisements is an explanatory disclaimer that makes clear that Duracell Optimum batteries "*Deliver[] extra life *or* extra power,

vs. *Coppertop* AA [or AAA batteries] in a *wide range* of devices." (emphasis added).  Energizer does not dispute the factual accuracy of that claim.

Undeterred by what it effectively concedes is a factually accurate advertising claim, Energizer alleges instead that consumers simply do not read the explanatory disclaimer, or in the case of the video advertisements, do not read the explanatory disclaimer *and* do not hear a prominent voice-over explicitly explaining the claim.  Assuming that Energizer's allegations are true, as we must, the Amended Complaint should still be dismissed because in the absence of the explanatory disclaimer, the plain vanilla phrases "Extra Life | Extra Power" and "both is better than not both" constitute nonactionable puffery—*i.e.*, they are subjective statements expressed in broad, vague and commendatory language that cannot be proven either true or false, and no reasonable consumer would understand these statements as concrete factual representations upon which he or she could rely.  Indeed, numerous courts in this Circuit and elsewhere have recognized substantially similar advertising claims as nonactionable puffery.  This Court should hold likewise.

Energizer's purported consumer survey evidence on the alleged confusion created by the claims made on the Duracell Optimum batteries' packaging does not transform the claims into actionable non-puffery.  As an initial matter, the allegations of survey results presented without any factual support are no different than conclusory and naked assertions, which are insufficient to survive a motion to dismiss.  Furthermore, Energizer's purported survey results are irrelevant for purposes of this motion because puffery is a threshold matter for the court to decide as a question of law.

Accordingly, Energizer's claims for false advertising under the Lanham Act and New York law fail at the threshold as a matter of law, and its Amended Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

### A.  Procedural History

Energizer filed the Complaint in this action ("Compl.") on September 30, 2019, alleging that Duracell is liable for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and Sections 349 and 350 of the New York General Business Law ("GBL").  (ECF No. 1.) Duracell answered the Complaint on April 20, 2020, asserting counterclaims against Energizer for false advertising under the Lanham Act and various state consumer protection statutes, including the GBL.  (ECF No. 15.)  Energizer answered the counterclaims on May 11, 2020.  (ECF No. 16.)

Duracell filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("12(c) Motion") on July 27, 2020 as to all claims asserted by Energizer within its Complaint.  (ECF No. 18.)  Energizer responded in opposition to the 12(c) Motion on August 10, 2020 (ECF 21) and Duracell replied on August 17, 2020 (ECF No. 22).

Nearly a year after filing its Complaint, and long after the 12(c) Motion was fully briefed, Energizer filed an Amended Complaint in this action ("Am. Compl.") on September 15, 2020, asserting the same causes of action against Duracell.  (ECF No. 24.)

### B.  Energizer's Allegations

For decades, Duracell has been a market leader in the household battery market. Energizer, Duracell's top competitor, has brought this action challenging advertising for Duracell's premium AA and AAA household batteries, which are the best-selling battery sizes and are used to power a wide variety of devices.  (Am. Compl. ¶ 11.)  Energizer contends that Duracell's premium Duracell Optimum batteries are being "marketed and sold to the public under false pretenses," and that this Court should take "immediate action to protect the public from Duracell's unlawful behavior."  (Id. ¶¶ 1, 5.)  Energizer alleges that it too has been injured by Duracell's advertising, including through the diversion of potential sales.  (Id. ¶ 89.)

Duracell's most popular and bestselling AA and AAA batteries are its Duracell Coppertop batteries.  (*Id.* ¶ 12.)  In 2019, Duracell launched Duracell Optimum batteries—a new, premium line of AA and AAA batteries.  (*Id*. ¶¶ 12, 14, 54.)  In order to promote its new product line, Duracell began a marketing and advertising campaign across a variety of media platforms.  (*Id.* ¶ 14.)  Duracell also designed and distributed updated, premium packaging for its updated, premium product (the "Product Packaging").  (*Id.*)  Energizer alleges that certain claims made in Duracell's advertising, including on the Product Packaging, are literally, impliedly, or by necessary implication, false and misleading.

As alleged in the Amended Complaint, the front of the Product Packaging prominently features the phrase: "EXTRA LIFE* | EXTRA POWER*."  (*Id.* ¶ 18.)  Also printed on the front of the package, in white text against a matte black background, is an explanatory disclaimer, which states that Duracell Optimum batteries "*Deliver[] extra life or extra power, vs. Coppertop AA [or AAA] in a wide range of devices."  (*Id.* ¶ 19.)  Printed on the back of the packaging is the phrase "Duracell's **highest energy** disposable **AA** battery engineered to provide the **Extra Life\*** or **Extra Power\*** your devices need," again with the explanatory disclaimer.  (*Id.* ¶ 21 (emphasis in original).)

Energizer also alleges that Duracell has promoted Duracell Optimum batteries through misleading website advertising (the "Web Ads").  (*Id.* ¶ 29.)  Like the Product Packaging, the Web Ads display the text "EXTRA LIFE* | EXTRA POWER*" as well as a disclaimer explaining that Duracell Optimum batteries "*Deliver[] extra life or extra power, vs. Coppertop AA/AAA in a wide range of devices."  (*Id.* ¶¶ 31-32.)

Finally, Energizer alleges that Duracell has promoted Duracell Optimum batteries through video advertisements (the "Video Ads") which air on television and are accessible online.

4

(*Id.* ¶ 36.)  The Video Ads each feature images of the Product Packaging, as well as a graphic reproduction of the text that appears in the Web Ads and on the Product Packaging—that is, the words "EXTRA LIFE*" and the words "EXTRA POWER*" along with an explanatory disclaimer that states: "*VS. DURACELL COPPERTOP AA.  DELIVERS EXTRA LIFE OR EXTRA POWER, IN A WIDE RANGE OF DEVICES."  (*Id.* ¶ 38.)  Energizer alleges that each of the Video Ads concludes with a voice-over announcing: "Because both is better than not both." (*Id.* ¶ 37.)  Energizer neglects, however, to mention the phrases that directly precede this statement. The full voice-over states:  "Versus Coppertop, new Duracell Optimum can do both.  Extra Life in some devices, or Extra Power in others.  Because both is better than not both."[1]

Energizer alleges that the Product Packaging, the Web Ads and the Video Ads (collectively, the "Challenged Advertisements") are literally, impliedly, or by necessary implication, false and misleading.  Specifically, Energizer alleges that each of the Challenged Advertisements conveys the following messages, which Energizer alleges, on information and belief, are not true:

    a) that Duracell Optimum batteries provide extra life and extra power in all devices as compared to all other batteries in the same size category; and

    b) that Duracell Optimum batteries provide extra life and extra power in all devices as compared to Duracell Coppertop batteries in the same size category.

(*Id.* ¶¶ 26, 34, 45.)  Energizer also alleges that contextual elements of the advertising and branding for Duracell Optimum batteries, including the product name, premium price point, and resealable package, reinforce the foregoing false and misleading messages.  (*Id.* ¶ 54.)

---

[1] The Court may consider the full context of the Video Ads on this Rule 12(b)(6) motion because they have been incorporated by reference in the complaint.  *See, e.g., Chubb INA Holdings, Inc.* v. *Hole In Won LLC*, 19-CV-2514 (JPO), 2020 WL 774130, at *2 n.1 (S.D.N.Y. Feb. 18, 2020).

Energizer concedes, however, that the allegedly false and misleading advertising messages are "inconsistent with" and "contradict[ed]" by the explanatory disclaimer.  (*Id.* ¶¶ 20, 30, 44.)  Indeed, Energizer does not challenge the truth of the explanatory disclaimer in the Amended Complaint.  Nor does it allege that the Challenged Advertisements, *when considered in light of the explanatory disclaimer*, are false or misleading.  Instead, Energizer simply alleges—in wholly conclusory terms—that the explanatory disclaimer is "entirely ineffective."  (*Id.* ¶ 33.)

Energizer further alleges that the Product Packaging misleadingly claims that Duracell Optimum batteries have a "shelf life" of longer than ten years—that is, that Duracell Optimum batteries will last as long as or longer than ten years in storage.  (*Id.* ¶ 25.)  Energizer acknowledges that the terms "shelf life," "ten years" and "in storage" do not appear anywhere on the Product Packaging.  Nevertheless, Energizer claims that Duracell willfully has misled consumers simply because Duracell Optimum batteries are sometimes shelved in close proximity to Duracell Coppertop batteries, share the same general color scheme of "black" and "copper" as Duracell Coppertop batteries, and the packaging for Duracell Coppertop batteries (the "Duracell Coppertop Packaging") claims that Duracell *Coppertop* batteries are "Guaranteed 10 years in storage."  (*Id.* ¶ 23.)  Energizer attempts to link these two entirely different packages for two entirely different products by alleging that a reasonable consumer, viewing the Duracell Optimum batteries' Product Packaging next to the Duracell Coppertop Packaging, will understand the phrase "EXTRA LIFE" to mean "Guaranteed *as long or longer* than 10 years in storage," notwithstanding the uncontested fact that none of these words appear anywhere on the Duracell Optimum batteries' Product Packaging, and that Energizer, itself, acknowledges elsewhere in its Complaint that "EXTRA LIFE" means extra life in "devices," not extra life in storage.  (*Id.* ¶¶ 23, 26.)

In particular, Energizer alleges that the Product Packaging conveys the following messages which it alleges, on information and belief, are false:

a) that Duracell Optimum batteries have as long or longer shelf life than *all other batteries* in the same size category; and

b) that Duracell Optimum batteries have as long or longer shelf life than Duracell Coppertop batteries in the same size category.

(*Id.* ¶ 26 (emphasis added).)  Energizer does not explain how or why a reasonable consumer might read a claim made on packaging for one product (Duracell Coppertop batteries) to also apply to wholly different products that may happen to be nearby (Duracell Optimum batteries).  And it has not even attempted to plead support for its allegation that consumers understand "Extra Life" to mean that Duracell Optimum batteries have as long or longer shelf life than *all other batteries* in the same size category.

Finally, Energizer alleges that, due to the innovative chemistry of Duracell Optimum batteries, the batteries are more prone to leakage and have a shorter shelf life.  (*Id.* ¶¶ 47, 49.)  As a result, Energizer alleges, consumers who use Duracell Optimum batteries past this shorter shelf life will not experience any "Extra Life" benefit.  Energizer does not explain how, if at all, its allegations related to leakage have any bearing on its false advertising claims.

In an attempt to bolster its inadequately pled claims, Energizer alleges–in purely conclusory terms–that approximately one-quarter of purchasers of AA and AAA batteries are confused by the claims made on the Duracell Optimum batteries' Product Packaging, based on purported consumer surveys.  (*Id.* ¶ 28.)  Energizer asserts no consumer survey allegations regarding the Web Ads or the Video Ads.

Based upon these allegations, Energizer asserts claims for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), false advertising under N.Y. Gen. Bus. Law § 350, and unfair and deceptive trade practices under N.Y. Gen. Bus. Law § 349.  For the reasons that follow, each of these claims should be dismissed in its entirety with prejudice.

## ARGUMENT

### A.   <u>Legal Standard</u>

Dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate where a plaintiff fails to "'raise a right to relief above the speculative level.'"  *ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In assessing the sufficiency of a pleading at the motion to dismiss stage, the Supreme Court has emphasized that legal conclusions and "formulaic recitations of the elements of a cause of action" are not entitled to the presumption of truth, and therefore insufficient.  *Twombly*, 550 U.S. at 555.  Instead, the Court must examine the well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft*, 556 U.S. at 679.  "Dismissal is appropriate when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."  *Parkcentral Global Hub Ltd.* v. *Porsche Auto. Holdings SE*, 763 F.3d 198, 208–9 (2d Cir. 2014) (internal quotation marks and citation omitted).

"A court reviewing a Rule 12(b)(6) motion does not ordinarily look beyond the complaint and attached documents in deciding a motion to dismiss brought under the rule." *Weight Watchers Int'l., Inc.* v. *Noom, Inc.*, 403 F. Supp. 3d 361, 368 (S.D.N.Y. 2019) (citation and internal

quotations marks omitted).  A court may, however, "consider any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Id.* at 368–9 (citation and internal quotations marks omitted).

### B.     <u>Energizer Does Not State a Valid Lanham Act Claim</u>

Energizer fails to state a claim for False Advertising under the Lanham Act because the Challenged Advertisements, as alleged by Energizer, amount to nothing more than "mere puffery" and are thus nonactionable as a matter of law.

A factual claim in an advertisement may be actionable under false advertising law when it is (1) "literally false, *i.e.*, false on its face," or (2) "while not literally false, . . . nevertheless likely to mislead or confuse consumers." *Tiffany (NJ) Inc.* v. *eBay, Inc.*, 600 F.3d 93, 112 (2d Cir. 2010) (quoting *Time Warner Cable, Inc.* v. *DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007)). "Besides actionable statements, a category of non-actionable statements exists . . . popularly known as puffery." *Am. Italian Pasta Co.* v. *New World Pasta Co.*, 371 F.3d 387, 390 (8th Cir. 2004).  Puffery cannot be either literally or impliedly false as a matter of law because it is not, by definition, a factual claim. *See id.* at 391 ("Juxtaposed to puffery is a factual claim.").  Lanham Act challenges to statements that are puffery fail at the threshold, regardless of whether that challenge is based upon a claim of literal or implied falsity, because the Act simply "does not reach what is known as 'puffery'—exaggerated advertising, blustering, and boasting, or vague and general claims of superiority . . . ." *Verisign, Inc.* v. *XYZ.COM*, 848 F.3d 292, 302 (4th Cir. 2017).

To the extent that consumers do read or hear the explanatory disclaimer featured in each of the Challenged Advertisements, which makes clear that Duracell Optimum batteries provide extra life *or* extra power in a wide range of devices as compared to Duracell Coppertop batteries, Energizer does not—and cannot—allege that the Challenged Advertisements are false or

misleading.   Instead, Energizer alleges that consumers simply do not read the explanatory disclaimer found on the Product Packaging as well as in the Web Ads and Video Ads because it is "miniscule" and "ineffective."   Stripped of the explanatory disclaimer, as Energizer alleges, the generalized words "Extra Life | Extra Power" and "both is better than not both" amount to nonactionable puffery because they are the sort of vague, nonspecific and subjective words upon which no reasonable consumer would rely, rendering Energizer's claims "nonactionable under the Lanham Act or NYGBL § 349."   *Davis* v. *Avvo, Inc.*, 345 F. Supp. 3d 534, 541 (S.D.N.Y. 2018).

### 1.    Puffery Is Nonactionable as a Matter of Law

Whether an advertisement amounts to nonactionable puffery is a threshold question of law that courts may, and often do, resolve on the pleadings.   *See Lugones* v. *Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 2020 WL 871521, at *8 (S.D.N.Y. Feb. 21, 2020).   Puffery "is a defense that presents an exception" to the "normal rule" that "whether an act is materially misleading" under false advertising law "is generally a question of fact not suited for resolution at the motion to dismiss stage."   *Duran* v. *Henkel of Am., Inc.*, --- F. Supp. 3d ---, 2020 WL 1503456, at *4-*5 (S.D.N.Y. Mar. 30, 2020).   Courts may find "allegations of . . . false statements or conduct implausible on their face" where the challenged statement is "so vague and non-specific a representation that, at most, it amounts to inactionable 'puffery'."   *Geffner* v. *Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019).

### 2.    The Advertising, as Alleged by Energizer, Is Nonactionable Puffery

Energizer's claims under the Lanham Act fail because, as a matter of law, the phrases "Extra Life* | Extra Power*" and "both is better than not both" are nonactionable puffery. Puffery is "an exaggeration or overstatement expressed in broad, vague, and commendatory language."   *Duran*, 2020 WL 1503456, at *5 (citation omitted).   In other words, puffery statements are "'subjective claims about products, which cannot be proven either true or false.'"   *Time Warner*

*Cable, Inc.* v. *DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007) (quoting *Lipton* v. *Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995)).  Puffery statements are "not actionable under the Lanham Act." *Id.*  That is because such exaggerated statements "make no specific claims on which consumers could rely." *Duran*, 2020 WL 1503456, at *5 (citation omitted).  In considering puffery arguments, courts in this Circuit generally reference: "(i) vagueness; (ii) subjectivity; and (iii) inability to influence the buyers' expectations."  *Avola* v. *Louisiana-Pacific Corp.*, 991 F. Supp. 2d 381, 382 (E.D.N.Y. 2013) (citing *Time Warner*, 497 F.3d at 159).

  Applying those principles to advertising claims in the specific context of batteries, courts within the Second Circuit and elsewhere have held that vague and boastful statements about a battery's life or power are nonactionable puffery.  For example, in *Stewart* v. *Ocean State Jobbers, Inc.*, No. 3:17-CV-1266 (JCH), 2018 WL 379011, at *2–*3 (D. Conn. Jan. 10, 2018), the court held on a motion to dismiss that the similar representation on packages that batteries "LAST[] LONGER … MUCH LONGER" was not materially misleading as a matter of law because the statement amounted to "mere puffery."  *Id.* at *2.  The court concluded that the statement was puffery because it was a "vague, boastful statement which, in the absence of a point of comparison, cannot be proven true or false, and a reasonable buyer would not be misled by it."  *Id.*  Relying on guidance from district courts around the country, the court noted that similar comparative representations, such as "higher performance" and "longer battery life," have been found to be nonactionable puffery. *Id.* (citing *Oestreicher* v. *Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008)).  Accordingly, the court dismissed plaintiff's false advertising claim on the pleadings.

  Similarly, in *Punian* v. *Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *9 (N.D. Cal. Mar. 15, 2016), the court held on a motion to dismiss that "generalized statements" that a consumer "will always have access to power" when needed and can "trust" Duracell batteries

are nonactionable puffery.  The court reasoned that the statements say nothing about the "specific characteristics" of the batteries, but instead (and like here) are "vague product superiority claims that are no more weighty than an advertising slogan."  *Id.* (citation and internal quotation marks omitted).  The court therefore dismissed plaintiff's false advertising claim because "a reasonable consumer would not interpret either of the two statements as a factual claim upon which he or she could rely."  *Id.* (citation and internal quotation marks omitted).

The decision in *Oestreicher* is also instructive.  In that case, the court held that defendant's claims of "higher performance" and "longer battery life" with respect to its computers—exactly what Duracell says with respect to its batteries—were "all non-actionable puffery."  544 F. Supp. 2d at 973.  In reaching that conclusion, the court noted that "generalized and vague statements of product superiority," such as "faster, more powerful, and more innovative than competing machines," are "non-actionable puffery."  *Id.*

Courts in the Second Circuit have held similar generalized claims of superiority to constitute nonactionable puffery in non-battery contexts.  *See, e.g.*, *Cablevision Sys. Corp.* v. *Verizon New York Inc.*, 119 F. Supp. 3d 39, 53 (E.D.N.Y. 2015) (finding, on a motion for preliminary injunction, that a claim that a certain provider's network was a "better data network" or "better than cellular" was "inactionable puffery"); *Fink* v. *Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011) (finding, in granting a motion for judgment on the pleadings, that advertising statements that an internet service provider's connectivity speeds are the "fastest, easiest" are "classic examples of generalized puffery"); *Hubbard* v. *General Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *7 (S.D.N.Y. May 22, 1996) (finding, in granting a motion to dismiss, that advertising statements describing certain trucks as "the most dependable, long-

lasting trucks on the planet" were nonactionable puffery because the statements were "generalized and exaggerated").

         This well-settled authority compels the dismissal of Energizer's Lanham Act false advertising claim. Like the advertising claims at issue in *Stewart*, the words "Extra Life* | Extra Power*" are merely a "vague, boastful statement which, in the absence of a point of comparison, cannot be proven true or false, and a reasonable buyer would not be misled by it." *Stewart*, 2018 WL 379011, at *2. The "Extra Life" claim is substantially similar to the "LASTS LONGER … MUCH LONGER" claim that was found to be nonactionable puffery in *Stewart*, as well as the "longer battery life" claim that was found to be nonactionable puffery in *Oestreicher*. That is true regardless of whether the words "Extra Life" are understood to apply to longevity in use, shelf life, energy capacity, some other form of battery life, or a combination thereof.[2] Indeed, the very fact that the phrase "Extra Life" is subject to multiple interpretations further confirms that it constitutes nonactionable puffery. *See, e.g.*, *Cablevision*, 119 F. Supp. 3d at 53 ("That the meaning of 'better' can be questioned not only undermines any claim of falsity, but renders this language inactionable puffery."). Here, Energizer's own Amended Complaint suggests that the words "Extra Life" are subject to multiple interpretations. *Compare* Am. Compl. ¶¶ 26, 34, 45 (alleging that "Extra Life" means "extra life . . . in devices"), *with Id.* ¶ 26 (alleging that "Extra Life" means "shelf life as long or longer" than that of other batteries). With respect to each of those possible interpretations, the "Extra Life" claim on Duracell Optimum batteries' packaging—like the "LASTS LONGER

---

[2]   Energizer alleges that, due to the innovative chemistry of Duracell Optimum batteries, the batteries are more prone to "leakage" and "deteriorate" faster than Duracell Coppertop batteries. (Am. Compl. ¶¶ 47-53.) But these allegations do not make the phrase "EXTRA LIFE* | EXTRA POWER*" any less vague, subjective, boastful, or generalized. The Advertising remains nonactionable puffery. Further, Energizer does not—and cannot—explain how its "leakage" allegations relate to its false advertising claim.

… MUCH LONGER" claim in *Stewart*—is a "vague, boastful statement" that constitutes nonactionable puffery.

Duracell Optimum batteries' "Extra Power" claim also constitutes nonactionable puffery as confirmed by the case law discussed above.  Indeed, the "Extra Power" claim is substantially similar to the "more powerful" and "higher performance" claims that were found to be nonactionable puffery in *Oestreicher*, as well as the claim that a consumer "will always have access to power," which was found to be nonactionable puffery in *Punian*.

Finally, Energizer's claim with respect to the advertising slogan that "both is better than not both" in the Duracell Optimum batteries' Video Ads is subject to dismissal for two additional and independent reasons.  *First*, the "both is better than not both" statement is substantially similar to the "better data network" and "better than cellular" advertising claims that were found to be nonactionable puffery in *Cablevision*, and thus should be dismissed for the same reason.  *Second*, Energizer's claim with respect to the "both is better than not both" statement in the Video Ads also must be dismissed because Energizer's Complaint misrepresents the contents of those ads.  As noted above, the full voice-over in those ads states:  "Versus Coppertop, new Duracell Optimum can do both.  Extra Life in some devices, or Extra Power in others.  Because both is better than not both."  Energizer does not allege that the full statement is false or misleading in any way, and Energizer does not—and cannot—plausibly allege that consumers hear only the last sentence of the voice-over, and not the two sentences that immediately precede it.  Accordingly, Energizer fails to state a claim for false advertising with respect to the voice-over in the Duracell Optimum batteries' Video Ads.

In sum, because the advertising claims at issue in this case, as alleged by Energizer, are "vague, boastful statement[s] which, in the absence of a point of comparison, cannot be proven

true or false," *Stewart*, 2018 WL 379011, at *2, they constitute nonactionable puffery, and thus Energizer's Lanham Act false advertising claim should be dismissed.[3]

### 3.   The Purported Survey Results Do Not Transform the Claims into Actionable Non-Puffery

In an attempt to bolster its inadequately-pled claims, Energizer seeks to use purported consumer survey evidence to transform the claims made on the Duracell Optimum batteries' Product Packaging into actionable non-puffery.  In the Amended Complaint, Energizer alleges that "approximately 25%" of purchasers of AA and AAA batteries are confused by the claims made on the Duracell Optimum batteries' Product Packaging, based on consumer survey evidence.  (Am. Compl. ¶ 28.)  Notably, Energizer makes no such survey allegations regarding the Web Ads or the Video Ads.

As an initial matter, Energizer's survey allegations cannot transform a nonactionable puffery message into an actionable statement of fact because they are mere bare-bone conclusions presented without any factual support.  The Amended Complaint does not provide any information about the purported survey beyond its supposed result.  Such conclusory allegations of survey results are no different than "conclusory statements and naked assertions," which are "insufficient" to survive a motion to dismiss.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

But even if the Amended Complaint had provided factual information underlying the purported survey results, Energizer's Lanham Act claim would still fail as a matter of law because it is well-settled that allegations of consumer survey evidence cannot be used to convert a

---

[3]    Energizer's additional allegations about Duracell Optimum's "premium price point," "resealable package," or "positioning on retail shelves" do not convert what otherwise would be nonactionable puffery into an actionable false and misleading statement.  (Am. Compl. ¶ 54.)  Nothing about this additional context makes the advertising any less vague, subjective, boastful, or generalized.

nonactionable puffery message into an actionable statement of fact.  The decision in *Am. Italian Pasta Co.* is directly on point.  In that case, having agreed with the district court that the challenged claim was nonactionable puffery, the court addressed the question of whether consumer survey results altered its analysis to support an actionable claim under the Lanham Act.  371 F.3d at 392.  Noting that a statement constitutes puffery if it "cannot reasonably be interpreted as providing a benchmark by which the veracity of the statement can be ascertained," the court concluded that a consumer survey could not "transform" puffery "into a specific, measurable claim."  *Id.* at 391, 393.  As the court correctly noted, "[t]o allow a consumer survey to determine a claim's benchmark would subject any advertisement or promotional statement to numerous variables, often unpredictable, and would introduce even more uncertainty into the market place."  *Id.*

The same reasoning applies here.  Energizer's purported survey results are irrelevant for purposes this motion because puffery is a matter for the court to decide as a question of law.  *See Lugones*, 2020 WL 871521, at *8; *Duran*, 2020 WL 1503456, at *4-*5; *Geffner*, 928 F.3d at 200.

### C.    Energizer's N.Y. Gen. Bus. Law §§ 349 and 350 Claims Also Fail

For the same reasons that Energizer has failed to state a claim under the Lanham Act, its New York state law claims also must fail.  Section 349 of the GBL generally prohibits "[d]eceptive acts or practices in the conduct of any business . . . or in the furnishing of any service in the state."  N.Y. Gen. Bus. Law § 349(a).  To state a claim under Section 349, a plaintiff must plead that (1) the defendant engaged in a consumer-oriented act, (2) the consumer-oriented act was misleading in a material way, and (3) the plaintiff consequently suffered injury.  *Chen* v. *Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020); *Stutman* v. *Chem. Bank*, 731 N.E.2d 608, 611 (N.Y. 2000).  Section 350 of the GBL prohibits false advertising, which it defines as "advertising,

including labeling, of a commodity . . . if such advertising is misleading in a material respect." N.Y. Gen. Bus. Law §§ 350 to 350-a.

The "essential elements" of claims under GBL 349 and GBL 350 "are the same." *Drone Racing League, Inc.* v. *DR1, LLC*, 18cv4093 (DLC), 2018 WL 6173714, at *6 (S.D.N.Y. Nov. 26, 2018). In order to state a claim under either section, "a plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas* v. *Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (citation omitted); *see also Chen*, 954 F.3d at 500.

"It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink* v. *Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). "The New York Court of Appeals has established an objective standard for determining whether acts or practices are materially deceptive or misleading to a reasonable consumer acting reasonably under circumstances." *Goldemberg* v. *Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014) (citation omitted).

Statements that are mere "puffery" cannot, as a matter of law, "mislead a reasonable consumer." That is because, by definition, puffery includes "generalized or exaggerated statements which a reasonable consumer would not interpret as a factual claim upon which he could rely." *Lugones*, 2020 WL 871521, at *8 (citation omitted). Puffery is thus "a defense that presents an exception" to the "normal rule" that "whether an act is materially misleading" under false advertising law "is generally a question of fact not suited for resolution at the motion to dismiss stage." *Duran*, 2020 WL 1503456, at *4-*5.

Accordingly, because Duracell's "Extra Life," "Extra Power," and "both is better than not both" claims are all "generalized or exaggerated statements which a reasonable consumer

would not interpret as a factual claim upon which he could rely," *Lugones*, 2020 WL 871521, at

*8, and thus constitute nonactionable puffery, Energizer's GBL 349 and 350 claims must fail for

the same reasons as its Lanham Act claim.

## CONCLUSION

For these reasons, Duracell respectfully requests that the Court dismiss Energizer's

Complaint in its entirety and with prejudice for failure to state a claim under Fed. R. Civ. P.

12(b)(6).

Dated:   New York, New York
         September 29, 2020

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP

By:   */s/ Andrew Gordon*
      Andrew Gordon
      Darren W. Johnson
      Aaron Delaney
      1285 Avenue of the Americas
      New York, New York 10019-6064
      Tel: (212) 373-3000
      Fax: (212) 492-0710
      agordon@paulweiss.com
      djohnson@paulweiss.com
      adelaney@paulweiss.com

      *Attorneys for Defendant and*
      *   Counterclaim-Plaintiff Duracell U.S.*
      *   Operations, Inc.*