**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS  
NEW YORK, NEW YORK 10019-6064  
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER  
5 DONGSANHUAN ZHONGLU  
CHAOYANG DISTRICT, BEIJING 100020, CHINA  
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR  
3A CHATER ROAD, CENTRAL  
HONG KONG  
TELEPHONE (852) 2846-0300

ALDER CASTLE  
10 NOBLE STREET  
LONDON EC2V 7JU, UNITED KINGDOM  
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING  
2-2 UCHISAIWAICHO 2-CHOME  
CHIYODA-KU, TOKYO 100-0011, JAPAN  
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE  
77 KING STREET WEST, SUITE 3100  
P.O. BOX 226  
TORONTO, ONTARIO M5K 1J3  
TELEPHONE (416) 504-0520

2001 K STREET, NW  
WASHINGTON, DC 20006-1047  
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200  
POST OFFICE BOX 32  
WILMINGTON, DE 19899-0032  
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER  
(212) 373-3543

WRITER'S DIRECT FACSIMILE  
(212) 492-0543

WRITER'S DIRECT E-MAIL ADDRESS  
agordon@paulweiss.com

October 2, 2020

**By ECF**

The Honorable J. Paul Oetken  
U.S. District Court, Southern District of New York  
Thurgood Marshall U.S. Courthouse  
40 Foley Square  
New York, NY 10007

*Energizer Brands, LLC* v. *Duracell U.S. Operations, Inc.*, No. 1:19-cv-09061 (JPO) (S.D.N.Y.)

Dear Judge Oetken:

We represent Defendant and Counterclaim-Plaintiff Duracell U.S. Operations, Inc. ("Duracell") in the above-captioned action. We write pursuant to Rule 4(C) of Your Honor's Individual Practices in Civil Cases and Rule 26(c) of the Federal Rules of Civil Procedure. In particular, we are requesting a stay of discovery related to the claims of Plaintiff and Counterclaim-Defendant Energizer Brands, LLC ("Energizer"), pending a ruling on Duracell's motion to dismiss Energizer's claims, which was filed earlier this week. Granting a stay pending this decision will not prejudice Energizer whatsoever and will help the parties avoid unnecessary and costly discovery should some or all of Energizer's claims be dismissed.

### I. Background, Energizer's Claims, and Duracell's Motion to Dismiss

Duracell and Energizer are competitors that occupy the number one and number two spots, respectively, in the U.S. household battery market. In 2019, Duracell launched Duracell Optimum batteries, a new premium, high-performing alkaline battery. Energizer commenced this action by filing a Complaint (ECF No. 1) on September 30, 2019—nearly one year ago—alleging that certain advertising for Duracell Optimum AA and AAA batteries is false and misleading. Energizer waited several months before serving its complaint. Duracell then filed its Answer and Counterclaims on April 20, 2020 (ECF No. 16), followed by a motion for judgment on the pleadings on July 27, 2020 (ECF No. 18). That motion was fully briefed on August 17, 2020. (ECF No. 22).

Nearly a month after Duracell's motion was fully briefed, Energizer filed an Amended Complaint ("Am. Compl.") on September 15, 2020. (ECF No. 23). Earlier this week,

Duracell again moved to dismiss Energizer's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Energizer's Amended Complaint principally alleges that two statements made by Duracell in its advertising for Duracell Optimum batteries—"Extra Life | Extra Power" and "both is better than not both"—are false and misleading. But as Duracell shows in its motion to dismiss, Energizer's claims fail as a matter of law because the advertising statements they challenge are mere puffery and thus nonactionable under state and federal false advertising law. The plain vanilla phrases "Extra Life | Extra Power" and "both is better than not both" are subjective statements expressed in broad, vague and commendatory language that cannot be proven either true or false, and no reasonable consumer would understand these statements as concrete factual representations upon which he or she could rely. They therefore cannot provide the basis for a false advertising cause of action. Indeed, as Duracell shows in its motion to dismiss, numerous courts in this Circuit and elsewhere have recognized substantially similar advertising claims as nonactionable puffery, including in evaluating past Duracell advertising claims.

## II. A Stay of All Discovery Pending Resolution of Duracell's Motion to Dismiss is Warranted

Rule 26(c) of the Federal Rules of Civil Procedure permits a district court to stay discovery upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1); *see also Normand* v. *Bank of NY Mellon*, No. 16-cv-212 (S.D.N.Y. Apr. 12, 2016) (ECF 31) (Oetken, J.); *Niv* v. *Hilton Hotels Corp.*, No. 06-cv-7839, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Boelter* v. *Hearst Commc'ns, Inc.*, No. 15-cv-3934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (quoting *Spencer Trask Software & Info. Servs.*, 206 F.R.D. at 368). Courts have wide discretion to stay discovery, and judges in this district routinely find that the filing of a motion to dismiss that will dispose of most or all of a case is good cause to stay discovery. *See, e.g.*, *Patel* v. *N.Y. Life Ins. Co.*, No. 11-cv-4895, 2011 WL 6778545, at *1 (S.D.N.Y. Dec. 20, 2011) (Oetken, J.); *Picture Patents, LLC* v. *Terra Holdings LLC*, No. 07-cv-5465, 2008 WL 5099947, at *2–3 (S.D.N.Y. Dec. 3, 2008); *Niv*, 2007 WL 510113, at *1; *Johnson* v. *NYU Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002); *Spencer Trask Software & Info. Servs. LLC* v. *RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *Anti-Monopoly Inc.* v. *Hasbro, Inc.*, No. 94-cv-2120, 1996 WL 101277, at *3–5 (S.D.N.Y. Mar. 7, 1996); *Am. Booksellers Ass'n, Inc.* v. *Houghton Mifflin Co.*, No. 94-cv-8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995).

In considering a request to stay discovery pending a dispositive motion, courts in this Circuit consider "1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." *Spinelli* v. *Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). Each of these factors favor granting Defendants' request for a stay of discovery in this case.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

*First*, for the reasons described above and in its earlier-filed motion to dismiss, Duracell is likely to prevail in dismissing Energizer's Amended Complaint in its entirety, thus eliminating the need for discovery into Energizer's claims. A stay is therefore warranted because "the viability of the Plaintiff's claims is in at least some doubt pending the resolution of the motion[] to dismiss" *See id.*; *see also Boelter*, 2016 WL 361554, at *5 ("Although the Court will not predict the outcome of Defendant's motion, an initial review of the arguments presented in its support suggest that *none are frivolous* and, because succeeding on each argument alone may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant.") (emphasis added).

*Second*, Energizer has served Duracell with two sets of document requests, with over 70 distinct requests relating to its claims seeking documents and emails from over five years touching on broad categories of competitively sensitive information regarding Duracell's proprietary technology, the performance of its batteries, the development of advertising for those batteries, and consumer perception of both the batteries and the advertising. Responding to many of these requests will require Duracell to collect and review potentially tens of thousands of emails and other documents, all in relation to claims that may not survive its motion to dismiss.[1] A short stay pending a decision on the motion to dismiss is thus more efficient as it will limit "the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli*, 2015 WL 7302266, at *2.

*Finally*, the requested stay will not prejudice Energizer. The stay would be short in duration, Duracell has preserved potentially discoverable documents and has no reason to believe that any key witnesses will become unavailable. *See Integrated Systems and Power, Inc.* v. *Honeywell Intern., Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (a stay pending resolution of a motion to dismiss would "likely delay the commencement of discovery for only a few months" and "will therefore not prejudice the plaintiff to any degree"). A short delay to allow the Court to determine if any of Energizer's claims will go forward will therefore not impact Energizer's ability to prosecute its claims, assuming any remain.

Energizer also cannot credibly claim that it has a pressing need to move forward with discovery at this point since it delayed serving Duracell with its initial Complaint for over four months and then waited to file its Amended Complaint until seven weeks after Duracell served its motion for judgment on the pleadings, and nearly a month after that motion was fully briefed. At this point, it has been nearly a year since Energizer initiated this lawsuit, and neither party has produced a single document. Waiting a few more months in order to allow the Court to determine if any of Energizer's claims are viable will not cause Energizer any prejudice, but instead will merely maintain the status quo. *See Smith* v. *Wright*, No. 9:06-CV-00401 FJS, 2011 WL 4902860, at *16 (N.D.N.Y. Aug. 31, 2011) ("[T]here is no indication that plaintiff has sought to commence discovery in the last six months. It therefore appears unlikely that prejudice will result from staying discovery pending the final determination of this motion."), *report and*

---

[1] Energizer's discovery on its claims regarding Duracell Optimum batteries is not relevant to Duracell's counterclaims regarding Energizer MAX batteries, and thus staying discovery on Energizer's claims will not impact Energizer's ability to defend against Duracell's counterclaims.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

*recommendation adopted*, No. 9:06-CV-401 FJS/DEP, 2011 WL 4458770 (N.D.N.Y. Sept. 23, 2011).

\*          \*          \*

We conferred in good faith with Energizer's counsel about the relief sought in this letter-motion, and they informed us they would oppose. For the reasons stated, Duracell respectfully asks that this Court stay discovery into Energizer's claims pending resolution of Duracell's motion to dismiss and vacate the discovery deadlines set forth in the Civil Case Management Plan and Scheduling Order (ECF No. 17) with respect to discovery into Energizer's claims, and to schedule an informal conference to address the issue.

Respectfully submitted,

/s/ Andrew Gordon
Andrew Gordon

cc: Counsel of Record (by ECF)