UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Energizer Brands, LLC,<br><br>        Plaintiff,<br><br>    - against -<br><br>Duracell U.S. Operations, Inc.,<br><br>        Defendant.<br><br>Duracell U.S. Operations, Inc.,<br><br>        Counterclaim Plaintiff,<br><br>    - against -<br><br>Energizer Brands, LLC,<br><br>        Counterclaim Defendant. | Case No. 19-cv-09061-JPO |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DURACELL'S MOTION TO DISMISS ENERGIZER'S AMENDED COMPLAINT**

                 PAUL, WEISS, RIFKIND,
                 WHARTON & GARRISON LLP
                 1285 Avenue of the Americas
                 New York, New York 10019-6064
                 Tel.: (212) 373-3000
                 Fax: (212) 757-3990

                 *Attorneys for Defendant and Counterclaim-
                 Plaintiff Duracell U.S. Operations, Inc.*

Dated: October 20, 2020

# **TABLE OF CONTENTS**

Page

Table of Authorities ................................................................................................................. ii

Preliminary Statement ..............................................................................................................1

Argument ..................................................................................................................................2

    I.      THE ADVERTISING, AS ALLEGED BY ENERGIZER, IS PUFFERY .......2

          A.      Duracell's Motion Is Based on the Advertising as Alleged by Energizer in Its Amended Complaint ............................................................2

          B.      The Distinction between Literal Falsity and Implied Falsity Is Irrelevant for Purposes of This Motion .........................................................4

          C.      The Survey Results Do Not Transform the Claims into Actionable Non-Puffery .................................................................................................5

          D.      Energizer Fails to Distinguish the Directly On-Point Cases Cited in Duracell's Main Brief, Which Compel Dismissal of Its Amended Complaint ......................................................................................................7

Conclusion ...............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Am. Italian Pasta Co.* v. *New World Pasta Co.*,
   371 F.3d 387 (8th Cir. 2004) ..................................................................................................5

*Avola* v. *Louisiana-Pacific Corp.*,
   991 F. Supp. 2d 381 (E.D.N.Y. 2013) .....................................................................................9

*Baraket* v. *Holder*,
   632 F.3d 56 (2d Cir. 2011) ......................................................................................................8

*Castrol, Inc.* v. *Pennzoil Co.*,
   987 F.2d 939 (3d Cir. 1993) ..................................................................................................10

*Chambers* v. *Time Warner*,
   282 F.3d 147 (2d Cir. 2002) ....................................................................................................7

*Clorox Co. P.R.* v. *Proctor & Gamble Com. Co.*,
   228 F.3d 24 (1st Cir. 2000) ................................................................................................6, 10

*Duran* v. *Henkel of Am., Inc.*,
   450 F. Supp. 3d 337 (S.D.N.Y. 2020) ...........................................................................4, 5, 10

*Fink* v. *Time Warner Cable*,
   810 F. Supp. 2d 633 (S.D.N.Y. 2011) .....................................................................................9

*Hubbard* v. *General Motors Corp.*,
   No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996) ............................................10

*Lugones* v. *Pete & Gerry's Organic, LLC*,
   440 F. Supp. 3d 226 (S.D.N.Y. 2020) .....................................................................................5

*Madu, Edozie & Madu, P.C.* v. *SocketWorks Ltd. Nigeria*,
   265 F.R.D. 106 (S.D.N.Y. 2010) .........................................................................................6, 7

*Mead Johnson & Co.* v. *Abbott Labs.*,
   201 F.3d 883 (7th Cir. 2000) ...................................................................................................6

*Oestreicher* v. *Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008) .................................................................................8, 9

*Punian* v. *Gillette Co.*, No. 14-CV-05028-LHK,
   No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ................................8

*In re Rust-Oleum Restore Mktg., Sales Pracs. & Prods. Liab. Litig.*,
    155 F. Supp. 3d 772 (N.D. Ill. 2016) ............................................................................. 10

*In re Scotts EZ Seed Litig.*,
    No. 12 CV 4727 (VB), 2013 WL 2303727 (S.D.N.Y. May 22, 2013) ........................ 10

*Stewart* v. *Ocean State Jobbers, Inc.*,
    No. 3:17-CV-1266 (JCH), 2018 WL 379011 (D. Conn. Jan. 10, 2018) ................... 4, 7

*Stratte-McClure* v. *Morgan Stanley*,
    776 F.3d 94 (2d Cir. 2015) ............................................................................................ 7

*Tieman* v. *City of Newburgh*,
    No. 13-cv-4178 (KMK), 2105 WL 1379652 (S.D.N.Y. Mar. 26, 2015) ...................... 7

*Time Warner Cable, Inc.* v. *DIRECTV, Inc.*,
    497 F.3d 144 (2d Cir. 2007) ...................................................................................... 4, 9

Duracell[1] respectfully submits this reply memorandum in further support of its motion to dismiss Energizer's Amended Complaint in its entirety (Dkt. 25) (the "Motion").

## PRELIMINARY STATEMENT

Duracell's Main Brief established that Energizer's Amended Complaint should be dismissed as a matter of law because the advertising at issue is mere puffery, and thus is nonactionable under federal and state false advertising law. Nothing in Energizer's opposition ("Opposition" or "Opp.") should lead this Court to conclude otherwise. Indeed, rather than engage directly with the arguments in Duracell's Main Brief, Energizer mischaracterizes them, and then proceeds to knock down straw man arguments that have no bearing on Duracell's Motion.

*First*, Energizer argues that Duracell supposedly failed to consider the advertising at issue "as a whole." That is wrong. On the contrary, the only "context" that Duracell's analysis purportedly omits is the explanatory disclaimer and for good reason: on this Motion, Duracell is bound to accept the facts as they are alleged in the Amended Complaint. Energizer has alleged that the disclaimer is "tiny, sideways, barely legible, [and in] mice-type" (Am. Compl. ¶ 19), and Energizer's Opposition argues that the disclaimer is "so small, and so difficult to parse, that whatever information [it] do[es] contain will have little to no impact" (Opp. at 12). Energizer cannot have it both ways. Either consumers do read and understand the explanatory disclaimer, or they do not. If they *do* read and understand the explanatory disclaimer, then they cannot possibly be confused because Energizer does not—and cannot—allege that the words "Extra Life* | Extra Power*," when considered in light of the explanatory disclaimer, are false and misleading. If consumers *do not* read and understand the explanatory disclaimer (as Energizer alleges), then the Advertising is plainly nonactionable puffery for the reasons set forth in Duracell's Main Brief.

---

[1] Capitalized terms have the same meaning given to them in Duracell's Memorandum of Law in Support of its Motion to Dismiss Energizer's Amended Complaint (Dkt. 26) (hereinafter "Main Brief" or "Main Br.").

*Second*, Energizer's vague and conclusory reference to "consumer survey evidence" cannot save its Amended Complaint from dismissal on puffery grounds. Indeed, in a tacit acknowledgment of the infirmity of its allegations, Energizer seeks to bolster its Amended Complaint by submitting an "expert report" in connection with its Opposition. But it is well-settled that such ancillary materials are not appropriately considered on a motion to dismiss. In any event, Energizer's purported survey evidence is irrelevant for purposes of this motion because puffery is a threshold matter for the court to decide as a question of law.

*Finally*, Energizer attempts to distinguish the directly on-point cases cited in Duracell's Main Brief by mischaracterizing their facts and holdings. But no amount of obfuscation on Energizer's part can hide the fact that each of those cases involves advertising messages that are substantially similar to those at issue here, and each of those cases concludes that such messages are nonactionable puffery. This case is no different, and the result should be the same.

**ARGUMENT**

**I. THE ADVERTISING, AS ALLEGED BY ENERGIZER, IS PUFFERY**

Duracell's Main Brief demonstrated that Energizer's claims fail as a matter of law because the phrases "Extra Life* | Extra Power*" and "both is better than not both" are the sort of vague product superiority claims that courts repeatedly and consistently hold constitute nonactionable puffery. (Main Br. at 9-15.) Having no substantive response to this conclusion and the case law supporting it, Energizer resorts to mischaracterizing Duracell's Main Brief, claiming that Duracell failed to consider the Advertising "as a whole," and ignored the concept of implied falsity. Both assertions are meritless.

**A. Duracell's Motion Is Based on the Advertising as Alleged by Energizer in Its Amended Complaint**

Duracell's Main Brief makes clear that the Advertising, "as alleged by Energizer," is nonactionable puffery.  (*See, e.g.*, Main Br. at 9, 10, 14.)  Ignoring Duracell's arguments, Energizer instead accuses Duracell of engaging in "disputatious dissection" of the Advertisements and failing to consider them in their full context.  (Opp. at 18-19.)  That is simply not true.  The only "context" that Duracell's Motion disregards is that which Energizer's Amended Complaint disregards—namely, the explanatory disclaimer.  Although Energizer's Amended Complaint includes vague references to the Advertising "[a]s a whole," there is no question that *Energizer itself* ignores the explanatory disclaimer when it alleges that the Advertising is false and misleading.  This is evident from the fact that none of the allegedly false or misleading messages set forth in the Amended Complaint reference <u>in any way</u> the content or context of the disclaimer.  Indeed, Energizer goes out of its way to read the explanatory disclaimer out of the packaging, alleging that the disclaimer is "tiny, sideways, barely legible, [and in] mice-type," and that the allegedly false or misleading advertising messages are "inconsistent with" and "contradict[ed]" by the explanatory disclaimer.  (Am. Compl. ¶¶ 19, 20, 32, 33, 44.)  Energizer doubles down on these allegations in its Opposition, arguing that the disclaimer is "so small, and so difficult to parse, that whatever information [it] do[es] contain will have little to no impact."  (Opp. at 12.)  Thus, it is entirely appropriate, and fully consistent with Energizer's own allegations, to disregard the explanatory disclaimer in determining that the Advertising is nonactionable puffery.

The other so-called "context" that Energizer alludes to in its Opposition (Opp. at 15) also does not salvage its claim.  Energizer's allegations about Duracell Optimum's "premium price point," "resealable package," or "positioning on retail shelves" (Am. Compl. ¶ 54) cannot convert what otherwise would be nonactionable puffery into an actionable false and misleading statement.  This is because, even if Energizer is correct that these aspects of the Advertising

communicate to consumers that Duracell Optimum is a "premium, high-performing product," this is precisely the type of "vague," "subjective" and "commendatory" claim that courts consider to be nonactionable puffery. *See Stewart* v. *Ocean State Jobbers, Inc.*, No. 3:17-CV-1266 (JCH), 2018 WL 379011, at *2 (D. Conn. Jan. 10, 2018); *Time Warner Cable, Inc.* v. *DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007); *Duran* v. *Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 347 (S.D.N.Y. 2020).

As for the suggestion that a reasonable consumer, when viewing the Optimum packaging next to the Coppertop packaging, will understand the phrase "EXTRA LIFE" to mean "Guaranteed *longer* than 10 years in storage," Energizer does not dispute that its own pleading contradicts any such association by alleging that consumers understand "EXTRA LIFE" to mean extra life in "devices," not extra life in storage. (Am. Compl. ¶ 23; Main Br. at 6.) Nor does Energizer cite any authority for the proposition that it is appropriate in analyzing whether an advertising statement constitutes nonactionable puffery to consider entirely different statements on entirely different packaging for entirely different products. There simply is no support for such a claim.

For these reasons, Energizer's argument that Duracell failed to consider the Advertising "as a whole" and in "context" is entirely baseless.[2]

B. **The Distinction between Literal Falsity and Implied Falsity Is Irrelevant for Purposes of This Motion**

Regardless of whether the Advertising is characterized as literally false or impliedly false, it is puffery under the well-established law cited in our Main Brief. Energizer fails to cite

---

[2] Energizer does not dispute that it misleadingly omits the "context" of the phrase "both is better than not both" in the Video Ads from its Amended Complaint. (Main Br. at 5.) The full voice-over states: "Versus Coppertop, new Duracell Optimum can do both. Extra Life in some devices, or Extra Power in others. Because both is better than not both." Energizer also does not dispute that the Court may consider the full context of the Video Ads on this Motion because they have been incorporated by reference in the Amended Complaint. (Main Br. at 5, n.1.)

4

any authority for the proposition that the analysis of whether an advertising statement is nonactionable puffery differs depending on whether the statement is alleged to be impliedly false rather than literally false. Indeed, the law makes no such distinction. Whether a statement is characterized as literally false or impliedly false simply has no bearing on whether it is nonactionable puffery, as is illustrated by the fact that in none of the cases involving similar advertising claims to those at issue here did the court draw any distinction between whether the statements were alleged to be literally false or impliedly false. (*See* Main Br. at 9-12.)

### C. The Survey Results Do Not Transform the Claims into Actionable Non-Puffery

Duracell established in its Main Brief that Energizer's vague and conclusory survey allegations do not save its claim because it is well-settled that survey results cannot convert nonactionable puffery into an actionable statement of fact. (*See* Main Br. at 15-16.) Energizer fails to cite any authority to the contrary. Instead, it merely relies on cases that stand for the general proposition that whether an advertisement is misleading is a question of fact not suitable for resolution on a motion to dismiss. But the very same cases upon which Energizer relies also make clear that puffery is "a defense that presents an **exception**" to this general proposition. *Duran*, 450 F. Supp. 3d at 346 (emphasis added);³ *Lugones* v. *Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 241 (S.D.N.Y. 2020) (noting that "courts can determine that a statement is puffery as a matter of law," and dismissing on puffery grounds). Energizer ignores this critical distinction.

Energizer also fails to distinguish *Am. Italian Pasta Co.* v. *New World Pasta Co.*, 371 F.3d 387 (8th Cir. 2004), which squarely held that a consumer survey could not "transform" puffery "into a specific, measurable claim." *Id.* at 393. Instead, Energizer attempts to distinguish *Mead Johnson & Co.* v. *Abbott Labs.*, 201 F.3d 883 (7th Cir. 2000), an entirely different case that

---

³   Energizer incorrectly attributes the holding of *Duran* to this Court. (Opp. at 18.) In fact, *Duran* was a decision of the Hon. Paul A. Engelmayer.

5

is cited in *American Italian Pasta*, because the decision in *Mead Johnson* came after a three-day hearing on a motion for preliminary injunction. (Opp. at 17.) But the procedural posture of *Mead Johnson* does not change the fact that *American Italian Pasta* held that survey evidence cannot render an advertisement non-puffery as a matter of law and thus is directly on-point. Again, Energizer disregards this critical distinction.

Nor does the decision in *Clorox Co. P.R.* v. *Proctor & Gamble Com. Co.*, 228 F.3d 24 (1st Cir. 2000) (cited at Opp. 17-18), alter this conclusion. In that case, the court concluded that the advertising statements at issue were not puffery based on the court's review of *the actual words in the advertising,* without any reference to plaintiff's purported survey results. *See* 228 F.3d at 38-39. *Clorox* is thus entirely consistent with the holding in *American Italian Pasta*. Energizer simply does not—and cannot—cite any authority for the proposition that it is appropriate to consider survey allegations in determining whether an advertising statement is nonactionable puffery. And Energizer provides no basis at all to distinguish the directly on-point holding in *American Italian Pasta*, that survey evidence cannot transform nonactionable puffery into actionable non-puffery.

For these reasons, the expert report submitted by Energizer for the first time in connection with its Opposition has no bearing on this motion. Even if it did have some bearing, the expert report is outside the pleadings and thus cannot be considered on a motion to dismiss. *See Madu, Edozie & Madu, P.C.* v. *SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122-23 (S.D.N.Y. 2010) ("Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss.").[4]

---

[4] Energizer suggests, in a footnote, that the report may be considered because it is integral to the Amended Complaint. (Opp. at 16 n.1.) Not so. An extraneous document is integral to a complaint only where the complaint

6

### D. Energizer Fails to Distinguish the Directly On-Point Cases Cited in Duracell's Main Brief, Which Compel Dismissal of Its Amended Complaint

Unable to distinguish the numerous cases involving advertising statements substantially similar to those at issue here, all of which found such statements to be nonactionable puffery (Main Br. at 9-15), Energizer resorts to mischaracterizing the facts and holdings of three of the cases, and simply ignores the others (Opp. at 21-24).

In *Stewart* v. *Ocean State Jobbers, Inc.*, the court held on a motion to dismiss that a claim that batteries "LAST[] LONGER … MUCH LONGER" was not materially misleading as a matter of law because the statement amounted to "mere puffery." 2018 WL 379011 at *2–*3. Energizer does not—and cannot—dispute that the advertising claim at issue in that case is substantially similar to those at issue here. Instead, Energizer argues that the plaintiff in *Stewart* "never argued that [the advertising claims in question] were false, rendering any statement about whether they are puffery mere *dicta*." (Opp. at 22.) That characterization of the court's holding is simply not true. The question of whether the advertising statements at issue constituted "deceptive acts" under GBL § 349 and/or "false advertising" under GBL § 350 (the very same state law claims asserted by Energizer in this case) was directly at issue in that decision, and squarely decided by the court as a matter of law, despite the plaintiff's attempt to avoid that holding by arguing only that this was a fact question for the jury. *See Stewart*, 2018 WL 379011, at *2–*3 ("The court agrees with [defendant] that the representations on the packages—that the batteries

---

"relies *heavily* upon its terms and effect . . . ." *Chambers* v. *Time Warner*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis supplied). Far from relying "heavily" on the expert report, the Amended Complaint makes only a vague and conclusory reference to "consumer survey evidence." (Am. Compl. ¶ 28.) Moreover, "the fact that it was Plaintiff, [it]self, who submitted this document as an attachment to [its] opposition memorandum, counsels against the Court considering it." *Tieman* v. *City of Newburgh*, 13-cv-4178 (KMK), 2015 WL 1379652, at *24 (S.D.N.Y. Mar. 26, 2015). That is because considering extrinsic documents introduced for the first time in an opposition "may be prejudicial to [the defendant.]" *Madu*, 265 F.R.D. at 124. Not surprisingly, the only case cited by Energizer in support of its position does not address "the atypical situation where plaintiffs submit extrinsic documents in their opposition" to a motion to dismiss. *Id.* at 122; *see Stratte-McClure* v. *Morgan Stanley*, 776 F.3d 94, 100 (2d Cir. 2015).

7

"LAST LONGER ... MUCH LONGER" and have "UP TO 6X LONGER LASTING POWER"—are not materially misleading as a matter of law because they constitute 'mere puffery.'"). The court's puffery holding therefore is plainly not *dicta*. *Baraket* v. *Holder*, 632 F.3d 56, 59 (2d Cir. 2011) ("[I]t is not substantive discussion of a question or lack thereof that distinguishes holding from dictum, but rather whether resolution of the question is necessary for the decision of the case").

Energizer also misreads *Punian* v. *Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016). There, the court held on a motion to dismiss that the advertising claim that a consumer "will always have access to power" from Duracell Coppertop batteries is nonactionable puffery. *Id.* at *9. Energizer asserts, without explanation, that this advertising statement has "no bearing on Energizer's claims against Duracell." (Opp. at 23.) But that ignores that the advertising statement in *Punian* and the advertising statement at issue here both involve "vague product superiority claims" with respect to the "power" delivered by Duracell batteries. *Punian*, 2016 WL 1029607, at *9. It is difficult to conceive of a more directly relevant precedent.

Finally, in *Oestreicher* v. *Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008), the court held that claims of "higher performance" and "longer battery life" with respect to its computers were "all non-actionable puffery." *Id.* at 973. Energizer argues that *Oestreicher* is distinguishable because the court "used an entirely different puffery standard than that articulated by Duracell in its Motion, and described in *Avola*." (Opp. at 23.) Yet again, Energizer mischaracterizes the decision. The *Oestreicher* court applied a standard for nonactionable puffery that is substantially similar in all material respects to the *Avola* standard. *Compare Oestreicher*, 544 F. Supp. 2d at 973 ("Generalized, vague, and unspecified assertions constitute mere puffery

8

upon which a reasonable consumer could not rely, and hence are not actionable."), *with Avola* v. *Louisiana-Pacific Corp.*, 991 F. Supp. 2d 381, 392 (E.D.N.Y. 2013) (in determining puffery the court generally looks to "(i) vagueness; (ii) subjectivity; and (iii) inability to influence the buyers' expectations"). Energizer fails to identify a single material difference between those two standards. Also meritless is Energizer's attempt to distinguish *Oestreicher* because the court in that case found that "Plaintiff has provided no specific statement or absolute characteristic regarding [the] laptops [at issue]." *Oestreicher*, 544 F. Supp. 2d at 973. Contrary to the suggestion in Energizer's Opposition, the *Oestreicher* court was not suggesting that "higher performance" and "longer battery life" are *unimportant* characteristics when it comes to laptops. (Opp. at 23-24.) (Indeed, anyone who has ever owned a laptop can testify to the fact that they both are critically important characteristics.) The *Oestreicher* court was simply noting that the words "higher performance" and "longer battery life" make no "specific" or "absolute" claim upon which consumers can rely, and, as such, are nonactionable puffery. *Oestreicher*, 544 F. Supp. 2d at 973. The same is true with respect to the "Extra Life" and "Extra Power" statements at issue here.[5]

In any event, Energizer makes no attempt whatsoever to distinguish the other cases with similar facts cited in Duracell's Main Brief, all of which further support a finding that the Advertising at issue here is nonactionable puffery. (*See* Main Br. at 12-13, citing *Cablevision Sys. Corp.* v. *Verizon New York Inc.*, 119 F. Supp. 3d 39, 53 (E.D.N.Y. 2015) (holding that a claim that a certain provider's network was a "better data network" or "better than cellular" was "inactionable puffery"); *Fink* v. *Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011) (holding that

---

[5] Although Energizer alleges in its Amended Complaint that the statements "Extra Life" and "Extra Power" are "objectively measurable" (Am. Compl. ¶¶ 66, 76), the question is not whether battery life and battery power are capable of being measured generally, but whether the actual advertising statements at issue involve specific points of comparison such that the statements are capable of being proven either true or false. *See, e.g.*, *Time Warner Cable*, 497 F.3d at 159.

advertising statements that an internet service provider's connectivity speeds are the "fastest, easiest" are "classic examples of generalized puffery"); *Hubbard* v. *General Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *7 (S.D.N.Y. May 22, 1996) (holding that advertising statements describing certain trucks as "the most dependable, long-lasting trucks on the planet" were nonactionable puffery because the statements were "generalized and exaggerated").)

Nor do any of the out-of-circuit cases Energizer cites involve similar advertising messages or similar contexts. *Cf. Castrol, Inc.* v. *Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993) (advertising promised better protection against viscosity breakdown, "longer engine life and better engine protection" as compared to "any leading motor oil"); *In re Rust-Oleum Restore Mktg., Sales Pracs. & Prods. Liab. Litig.*, 155 F. Supp. 3d 772, 818 (N.D. Ill. 2016) (statements were "measurable" where the defendant "advertised in its marketing campaign that it conducted scientific tests for durability and long-lasting properties."); *Clorox Co. P.R.*, 228 F.3d at 39 (advertising used head-to-head visual comparisons to convey message that advertised product offered equivalent or superior whitening versus competing detergent plus bleach); *Duran*, 450 F. Supp. 3d at 347 (citing *In re Scotts EZ Seed Litig.*, No. 12 CV 4727 (VB), 2013 WL 2303727, at *9 (S.D.N.Y. May 22, 2013) (specific numerical claim that "EZ seed grows grass '50% thicker with half the water' compared to 'ordinary seed'" was actionable)).[6]  This is not surprising given that every court that has addressed advertising claims similar to those at issue here has found them to be nonactionable puffery.  This case is no different, and the result should be the same.

## CONCLUSION

For these reasons, and those in its Main Brief, Duracell respectfully requests that the Court dismiss Energizer's Amended Complaint in its entirety and with prejudice.

---

[6] Energizer mistakenly attributes the holding of *EZ Seed* to *Duran*.  (Opp. at 20.)

10

Dated: New York, New York
October 20, 2020

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ Andrew Gordon
Andrew Gordon
Darren W. Johnson
Aaron Delaney
1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3000
Fax: (212) 492-0710
agordon@paulweiss.com
djohnson@paulweiss.com
adelaney@paulweiss.com

*Attorneys for Defendant and Counterclaim-Plaintiff Duracell U.S. Operations, Inc.*